**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-1223 L |
| THE UNITED STATES OF AMERICA, | ) | Chief Judge Edward J. Damich |
| Defendant. | ) | Electronically Filed on May 20, 2005 |

**ANSWER**

Pursuant to RCFC 8 and RCFC 12, Defendant United States of America, responds to the like-numbered paragraphs of Plaintiffs' Complaint as follows:

**INTRODUCTION**

1. The allegations in the first sentence of paragraph 1 constitute Plaintiffs' characterization of the nature of the case and require no response. To the extent that a response is required, Defendant denies the allegations. The allegations in the second sentence regarding proximate cause constitute a conclusion of law, to which no response is required. With respect to the allegations in the third sentence of paragraph 1, Defendant admits that the intention of the "CCC Ponds project" was to reestablish a reliable source of water to the CCC Ponds; denies that these impoundments were previously non-functional; and avers that the CCC Ponds were filled to capacity with water until at least 1971, and were intermittently filled thereafter prior to the CCC Ponds project. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the fourth and fifth sentences of paragraph 1, and on that basis denies them.

2. Defendant denies the allegations in paragraph 2.

3. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 3, and on that basis denies them.

4. With respect to the allegations in the first sentence of paragraph 4, Defendant admits that a subsurface drain was installed on federal land in 1999; denies that this drain was installed at Defendant's sole expense; and avers that Sublette County, the Sublette County Conservation Service and the Town of Pinedale participated in the funding and construction of this drain. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in the first sentence of paragraph 4, and on that basis denies them. With respect to the allegations in the second and third sentences of paragraph 4, Defendant admits that Plaintiffs' property began drying out following installation of the subsurface drain in 1999; possesses insufficient information or knowledge to form an opinion as to the remaining allegations in these sentences, and on that basis denies them.

5. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 5, and on that basis denies them.

6. The allegations in the first sentence of paragraph 6 constitute conclusions of law, which require no response. The allegations in the second sentence of paragraph 6 constitute Plaintiffs' characterization of the nature of the case and require no response. To the extent that a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

7. The allegations in paragraph 7 constitute conclusions of law, which require no response. Defendant admits that Plaintiffs have correctly quoted a portion of 28 U.S.C. § 1491

(the "Tucker Act").

8. The allegations in paragraph 8 constitute conclusions of law, which require no response.

9. The allegations in paragraph 9 constitute conclusions of law, which require no response.

**PARTIES**

10. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first and second sentences of paragraph 10, and on that basis denies them. Defendant admits the allegations in the third sentence of paragraph 10.

11. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 11, and on that basis denies them.

12. Defendant admits the allegations in the first sentence of paragraph 12. The allegations in the second sentence of paragraph 12 constitute conclusions of law, which require no response.

13. Defendant admits the allegations in the first sentence of paragraph 13. The allegations in the second sentence of paragraph 13 constitute conclusions of law, which require no response.

FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant admits the allegations in the first and second sentences of paragraph 14. In response to the allegations in the third sentence of paragraph 14, Defendant admits that certain lands occupied by the CCC Ponds are administered by the BLM; avers that additional lands occupied by the CCC Ponds are administered by the

Forest Service; and admits the remaining allegations in this sentence. In response to the allegations in the fourth sentence of paragraph 14, Defendant admits that the northernmost of the CCC Ponds is located approximately 700 feet south of Fremont Lake Dam; denies the remaining allegations in this sentence; and avers that the other CCC Ponds are located at varying distances from Fremont Lake Dam.

15. Defendant admits that the Highland Irrigation canal was rerouted along the east side of the ponds in 1944; denies the remaining allegations in paragraph 15; avers that, following the rerouting of the Highland Irrigation canal in 1944, the ponds continued to be filled by the water from the canal, as well as canal seepage and groundwater; further avers that there continued to be a direct connection between the CCC ponds and the canal for an indeterminate period of time after the rerouting of the canal in 1944; and further avers that the ponds continued to be an active part of the canal system, and were filled to capacity by canal waters, as late as 1971.

16. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first and second sentences of paragraph 16, and on that basis denies them. Defendant admits the allegations in the third sentence of paragraph 16.

17. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 17, and on that basis denies them. Defendant avers that Plaintiffs' property is located in a historic meander curve of Pine Creek with a high water table and naturally subject to intermittent flooding, and that a water-dependent species (willows) was present on a portion of Plaintiffs' property at the time it was purchased.

18. Defendant admits the allegations in the first sentence of paragraph 18. In

response to the allegations in the second and third sentences of paragraph 18, Defendant admits that there is a fence in the vicinity of the CCC Ponds that is located on the boundary between BLM-administered lands and Forest Service-lands; denies the remaining allegations in these sentences; and avers that there is a natural hill located between plaintiffs' property and the closest of the CCC Ponds, not a berm.

19. The allegations in paragraph 19 are vague and confusing and Defendant is therefore unable to admit or deny these allegations. Defendant avers that willows were present on Plaintiffs' property as late as 1971, but were not present on Plaintiffs' property when it was visited by BLM personnel in 1999; however, there were willows on federal land immediately adjacent to Plaintiffs' property.

20. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 20, and on that basis denies them.

21. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 21, and on that basis denies them.

22. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 22, and on that basis denies them.

23. In response to the allegations in the first sentence of paragraph 23, Defendant admits that at least one drainage ditch had been constructed on plaintiffs' property prior to 1995, and avers that, during inspections in 1993 and 1995, P. Stan Mitchem, an EcoRegional Geologist with the Natural Resources Conservation Service (NRCS), observed that three drains had previously been constructed on Plaintiffs' property. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in the

first sentence of paragraph 23, and on that basis denies them. Defendant denies the allegations in the second and third sentences of paragraph 23. Defendant admits the allegations in the fourth sentence of paragraph 23.

24. Defendant denies the allegations in the first and second sentences of paragraph 24, and avers that, on August 26 and 27, 1993, a NRCS geologist investigated a continuing problem of excessive water (including standing water and ice accumulation) on Plaintiffs' property. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the third sentence of paragraph 24, and on that basis denies them.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in the first sentence of paragraph 26, and avers that Mr. Forsgren also discussed existing water drainage problems on Plaintiffs' property. In response to the allegations in the second sentence of paragraph 26, Defendant admits that a NRCS geologist visited Plaintiffs' property on August 26 and 27, 1993; possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in this sentence, and on that basis denies them; and avers that the NRCS geologist inspected Plaintiffs' property to investigate an ongoing problem of excess water on Plaintiffs' property. Defendant denies the allegations in the third sentence of paragraph 26, and avers that the Soil Conservation Service was the predecessor to NRCS. Defendant denies the allegations in the fourth sentence of paragraph 26, and avers that three test holes were dug in 1993 and two additional test holes were dug in 1995. The remaining allegations in paragraph 26 appear to characterize a report from P. Stan Mitchem, EcoRegional Geologist, NRCS, to Duane D. Klamm, NRCS (Nov. 14, 1995), a document which speaks for itself and is the best evidence of its contents, and to the extent these

allegations are inconsistent with that document, they are denied.

27. In response to the allegations in the first sentence of paragraph 27, Defendant admits that, in April 1994, an Environmental Assessment was released to the public for comment in connection with the CCC Ponds; and otherwise denies the allegations in Sentence 1 of Paragraph 27. Defendant denies the allegations in the second sentence of paragraph 27, and avers that the CCC Ponds were functional and impounding water prior to being recharged in 1995. In response to the allegations in the third sentence of paragraph 27, Defendant admits that the proposed CCC Ponds project anticipated that the impoundment facilities would be filled with water on a year-round basis, and denies the remaining allegations in this sentence.

28. In response to the allegations in the first sentence of paragraph 28, Defendant admits that the northernmost of the CCC Ponds was approximately 4.5 acres in size prior to 1995; denies the remaining allegations in this sentence; avers that the size of the northernmost pond was not affected by the CCC Ponds project; and further avers that the northern pond continued to impound water after 1944 when the Highland Irrigation canal was rerouted. Defendant admits the allegations in the second sentence of paragraph 28. Defendant denies the allegations in the third sentence of paragraph 28. Defendant denies the allegations in the fourth sentence of paragraph 28, and avers that the water levels in the southernmost pond fluctuated prior to recharging in 1995. In response to the allegations in the fifth sentence of paragraph 28, Defendant admits that groundwater seepage was likely the primary source of water for the southernmost pond, and avers that the water supply for this pond was not affected by the CCC ponds project in 1995. In response to the allegations in the sixth sentence of paragraph 28, Defendant admits that there is a small, one-acre pond which lies generally to the northwest of the

project area, and avers that this pond was created and has been maintained by beavers. In response to the allegations in the seventh sentence of paragraph 28, Defendant admits that the CCC Ponds are located on lands administered by the Forest Service and BLM, and avers that certain private property (including Plaintiffs' property) is located adjacent to the project area.

29. Defendant admits the allegations in the second sentence of paragraph 29; denies the allegations in the first and third sentences of paragraph 29; and avers that the precise extent of the federal agencies' agreements regarding the CCC Ponds project is set forth in a Cooperative Agreement executed in 1994 (and amended in 1995 and 1996), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

30. The allegations in paragraph 30 purport to characterize the EA, a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

31. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first and second sentences of paragraph 31, and on that basis denies them. Defendant denies the allegations in the third sentence of paragraph 31.

32. In response to the allegations in the first sentence of paragraph 32, Defendant admits that water flows generally from north to south between the northernmost wetlands pond and the southernmost fishing ponds; denies the remaining allegations in this sentence. Defendant denies the allegations in the second sentence of paragraph 32. Defendant admits the allegations in the third and fourth sentences of paragraph 32.

33. Defendant denies the allegations in the first sentence of paragraph 33, and avers

that a Decision Notice was signed August 10, 1994. Defendant admits the allegations in the second sentence of paragraph 33.

34. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 34, and on that basis denies them.

35. Defendant admits the allegations in the first sentence of paragraph 35. The remaining allegations in paragraph 35 purport to characterize the November 14, 1995, Memorandum from P. Stan Mitchem, EcoRegional Geologist, NRCS, to Duane D. Klamm, NRCS, a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied. Defendant specifically denies that the allegations in paragraph 35 accurately characterize this document, and avers that the NRCS geologist concluded that there were two types of flooding on Plaintiffs' property (groundwater seepage and surface flows); that the groundwater flooding was caused by fluctuations in the water table for Pine Creek; and that the source of the surface water flooding was a terrace of sands and gravels (not a "berm") that was likely supplied by a combination of up to six different sources of water, including the CCC Ponds.

36. The allegations in the first sentence of paragraph 36 purport to characterize the November 14, 1995, Memorandum from P. Stan Mitchem, EcoRegional Geologist, NRCS, to Duane D. Klamm, NRCS, a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied. In response to the allegations in the second sentence of paragraph 36, Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegation that Pine Creek lies approximately 100 feet to the north of Plaintiffs' residence, and on that basis

denies it; denies the remaining allegations in the second sentence of paragraph 36; and avers that Pine Creek constitutes approximately thirty percent of Plaintiffs' northern property boundary.

37. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of paragraph 37, and on that basis denies them. Defendant denies the allegations in the second sentence of paragraph 37, and avers that Plaintiffs' property was subject to intermittent flooding prior to 1995. In response to the allegations in the third sentence of paragraph 37, Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegation concerning Plaintiffs' argument, and on that basis denies it; denies the remaining allegations in this sentence; and avers that Plaintiffs' property was subject to intermittent flooding prior to 1995.

38. The allegations in paragraph 38 purport to characterize the November 14, 1995, Memorandum from P. Stan Mitchem, EcoRegional Geologist, NRCS, to Duane D. Klamm, NRCS, a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied. Defendant specifically denies that the allegations in paragraph 38 accurately characterize this document, and avers that the NRCS geologist stated that the source of surface water flooding problem on Plaintiffs' property was a natural alluvial terrace, not a "berm."

39. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 39, and on that basis denies them.

40. The allegations in the first sentence of paragraph 40 purport to characterize the November 14, 1995, Memorandum from P. Stan Mitchem, EcoRegional Geologist, NRCS, to Duane D. Klamm, NRCS, a document which speaks for itself and is the best evidence of its

contents, and to the extent these allegations are inconsistent with that document, they are denied. Defendant specifically denies that the allegations in the first sentence of paragraph 40 accurately characterize this document, and avers that the NRCS geologist stated that the source of surface water flooding problem on Plaintiffs' property was a natural alluvial terrace, not a "berm." Defendant denies the allegations in the second sentence of paragraph 40.

41. The allegations in paragraph 41 purport to characterize minutes from a December 11, 1995, CCC Ponds Committee meeting, a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

42. In response to the allegations in the first sentence of paragraph 42, Defendant admits that a drainage ditch was constructed on Plaintiffs' property; denies the remaining allegations in this sentence; and avers that, upon information and belief, Plaintiffs had the ditch constructed on their property and then were reimbursed by the CCC Ponds Committee. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of paragraph 42, and on that basis denies them. In response to the allegation in the third sentence of paragraph 42, Defendant admits that a drainage ditch was constructed in the fall of 1996, and possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in the third sentence of paragraph 42, and on that basis denies them. In response to the allegations in the fourth sentence of paragraph 42, Defendant admits that the ditch was originally designed to include an open outlet to Pine Creek; denies the remaining allegations in this sentence; and avers that the ditch was constructed with an enclosed outlet to Pine Creek rather than the open outlet originally recommended by

NRCS. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the fifth sentence of paragraph 42, and on that basis denies them.

43. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of paragraph 43, and on that basis denies them. The allegations in the second sentence of paragraph 43 purport to characterize a Letter from Daryle Bennett, District Conservationist, NRCS, to Dick Forsgren (Dec. 10, 1996), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied. Defendant denies the allegations in the third sentence of paragraph 43. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the fourth and fifth sentences of paragraph 43, and on that basis denies them.

44. The allegations in the first through third sentences of paragraph 44 purport to characterize a Letter from Dick Forsgren to Jack T. Doyle, CCC Ponds Committee (May 20, 1997), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the fourth sentence of paragraph 44, and on that basis denies them.

45. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 45, and on that basis denies them.

46. Defendant admits the allegations in the first sentence of paragraph 46. The allegations in the second through fourth sentences of paragraph 46 purport to characterize a Memorandum from P. Stan Mitchem, Engineering Geologist, NRCS, to Daryle L. Bennett,

NRCS (Aug. 26, 1997), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

47. In response to the allegations in paragraph 47, Defendant denies the allegation that Plaintiffs had not had any problem with their residence's plumbing prior to 1995, and avers that NRCS Geologist P. Stan Mitchem informed Plaintiffs of bacteria problems in their water supply during a 1993 investigation of Plaintiffs' water problems. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 47, and on that basis denies them.

48. The allegations in paragraph 48 purport to characterize a Letter from Daryle Bennett, District Conservationist, NRCS, to Mr. and Mrs. Dick Forsgren (Aug. 29, 1997), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

49. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 49, and on that basis denies them.

50. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 50, and on that basis denies them.

51. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first sentence of paragraph 51, and on that basis denies them. The allegations in the second sentence of paragraph 51 purport to characterize a Letter from Clayta Forsgren to Leslie Theiss, BLM (Feb. 11, 1999), a document which speaks for itself and is the best evidence of its contents, and to the extent these allegations are inconsistent with that document, they are denied.

52. In response to the allegations in the first sentence of paragraph 52, Defendant admits that members of the CCC Ponds Committee met with Plaintiff Clayta Forsgren in early 1999 to discuss the water problem on Plaintiffs' property; Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in this sentence, and on that basis denies them. In response to the allegations in the second sentence of paragraph 52, Defendant admits that, during this meeting, agency officials discussed the possibility of installing a subsurface drain on BLM property; denies the remaining allegations in this sentence; and avers that flooding on Plaintiffs' property was not caused by the CCC Ponds, but was exacerbated by Plaintiffs' decision to not construct the surface drainage ditch with an open outlet to Pine Creek, as originally recommended by NRCS, and failure to properly maintain the surface drainage ditch.

53. Defendant denies the allegations in the first sentence of paragraph 53, and avers that five alternatives were discussed during a May 11, 1999, CCC Ponds Committee meeting. Defendant admits the allegations in the second sentence of paragraph 53, and avers that other alternatives included digging a trench but not installing pipe; fixing the current ditch; and draining the CCC Ponds to test whether the ponds had any effect on Plaintiffs' flooding problem. Defendant further avers that committee members also discussed the lack of a causal link between filling the CCC Ponds and Plaintiffs' pre-existing flooding problems. Defendant denies the allegations in the third sentence of paragraph 53.

54. In response to the allegations in paragraph 54, Defendant admits that certain federal employees observed some damage caused by flooding and/or ice accumulation on Plaintiffs' property; Defendant possesses insufficient information or knowledge to form an

opinion as to the truth of the remaining allegations in paragraph 54, and on that basis denies them.

55. In response to the allegations in the first sentence of paragraph 55, Defendant admits that in or around the spring of 1999, Mrs. Forsgren informed the local NRCS that she had concerns about the impact of ice on the east addition of the house, but otherwise denies the allegations in the first sentence. In response to the second sentence, Defendant admits that the east addition of the house was being supported by a large jack and some cinder blocks.

56. In response to the numbered allegations in paragraph 56, Defendant responds as follows: (1) Defendant admits that test wells showed an increase in groundwater levels corresponding to an increase in the water level of nearby Pine Creek; (2) Defendant possesses insufficient information or knowledge to form an opinion as to the truth of this allegation, and on that basis denies it; (3) Defendant possesses insufficient information or knowledge to form an opinion as to the truth of this allegation, and on that basis denies it; (4) Defendant denies this allegation.

57. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 57, and on that basis denies them.

58. Defendant admits the allegations in the first and second sentences of paragraph 58, and avers that water levels on Plaintiffs' property also declined as a result of the drought that began in 1999. Defendant denies the allegations in the third sentence of paragraph 58, and avers that non-federal entities participated in funding and constructing the subsurface drain. In response to the allegations in the fourth sentence of paragraph 58, Defendant admits that certain willows on federal land were removed during construction of the subsurface drain and that

gravel was brought in for construction of the drain system, and denies the remaining allegations in this sentence.

59. Defendant admits the allegations in paragraph 59.

60. Defendant admits that, pursuant to an express license granted by Plaintiffs, Defendant temporarily used a portion of Plaintiffs' property for purposes of constructing a subsurface drain. Defendant denies the remaining allegations in paragraph 60.

61. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 61, and on that basis denies them.

62. Defendant admits that the subsurface drain installed by the federal agencies and their cooperating partners has helped alleviate chronic, intermittent flooding on Plaintiffs' property; possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 62, and on that basis denies them.

63. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 63, and on that basis denies them.

64. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in paragraph 64, and on that basis denies them.

## CLAIM FOR RELIEF

65. In response to paragraph 65, Defendant incorporates by reference its responses to paragraphs 1 to 64, inclusive.

66. Defendant admits that Plaintiffs have correctly quoted a portion of the Fifth Amendment of the United States Constitution.

67. The allegations in paragraph 67 constitute conclusions of law, which require no

response.

68. The allegations in paragraph 68 constitute conclusions of law, which require no response.

69. The allegations in paragraph 69 constitute conclusions of law, which require no response.

70. The allegations in paragraph 70 constitute conclusions of law, which require no response.

71. The allegations in paragraph 71 constitute conclusions of law, which require no response.

72. The allegations in paragraph 72 constitute conclusions of law, which require no response.

73. Defendant admits that Plaintiffs have not granted Defendant an express flowage easement across their property. The remaining allegations in paragraph 73 constitute conclusions of law, which require no response.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. The allegations in paragraph 76 constitute conclusions of law, which require no response.

77. Defendant denies the allegations in the first sentence of paragraph 77, and avers that Plaintiffs' property was subject to intermittent flooding prior to the refilling of the CCC Ponds. Defendant possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 77, and on that basis denies them.

78. The allegations in paragraph 78 constitute conclusions of law, which require no response.

79. The allegations in paragraph 79 constitute conclusions of law, which require no response.

80. The allegations in the first sentence of paragraph 72 constitute conclusions of law, which require no response. Defendant denies the remaining allegations in paragraph 80, and avers that the groundwater levels on Plaintiffs' property are determined by flows in adjacent Pine Creek.

81. The allegations in paragraph 81 constitute conclusions of law, which require no response.

82. The allegations in paragraph 82 constitute conclusions of law, which require no response.

83. The allegations in paragraph 83 constitute conclusions of law, which require no response.

84. Defendant admits that the subsurface drain installed by the federal agencies and their cooperating partners has helped alleviate chronic intermittent flooding on Plaintiffs' property; possesses insufficient information or knowledge to form an opinion as to the truth of the remaining allegations in paragraph 84, and on that basis denies them; and avers that the drying of Plaintiffs' property may be largely attributable to the drought that began in 1999 and corresponding decreases in Pine Creek flows and area groundwater levels.

85. Defendant denies the allegations in paragraph 85.

86. The allegations in paragraph 86 constitute conclusions of law, which require no

response.

**REQUESTS FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendant denies that Plaintiffs are entitled to the relief requested in their Complaint or to any relief whatsoever.

**DEFENSES**

Plaintiffs have failed to state a claim for which relief can be granted.

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the Defendant, that the Court grant Defendant its costs of suit, and that the Court order such other and further relief as the Court may allow.

DATED: May 20, 2005

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

/s G. Evan Pritchard
G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov

OF COUNSEL:

Steven M. Hoffman
Attorney
Office of the Solicitor
Rocky Mountain Regional Office
United States Dept. of Interior
755 Parfet Street, Room 151
Lakewood, CO 80215
(303) 231-5363 fax

Diane M. Connolly
Deputy Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
Mountain Region
P.O. Box 25005
Lakewood, CO 80225
(303) 275-5557 fax