**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-1223 L |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Electronically Filed on July 22, 2005 |
| Defendant. | ) | |

**AMENDED JOINT PRELIMINARY STATUS REPORT**

Plaintiffs and Defendant, by and through their respective counsel, submitted their Joint Preliminary Status Report ("JPSR") to the Court on July 11, 2005. On July 13, 2005, the Court issued an order informing the parties that the JPSR did not comply with the Court's Standard Special Procedures Order ("SSPO"), issued on August 24, 2004, or Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"). Specifically, the Court stated that the parties did not provide (1) sufficient information regarding the relevant factual and legal issues to be addressed in this case; (2) certification that counsel had held a preliminary meeting and exchanged documents; nor (3) suggested dates for a preliminary status conference. Therefore, the parties hereby submit this Amended Joint Preliminary Status Report pursuant to the Court's order and apologize to the Court for the inconvenience caused by the original, noncompliant JPSR.

A. JURISDICTION

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking.

B. CONSOLIDATION

This case should not be consolidated with any other case.

C. BIFURCATION

The parties believe that, in the interest of judicial efficiency, trial of liability and damages should be bifurcated.

D. DEFERRAL OF PROCEEDINGS

The parties do not believe that this case should be deferred pending consideration of another case before this Court or any other tribunal.

E. REMAND OR SUSPENSION

The parties will not seek remand or suspension.

F. ADDITIONAL PARTIES

The parties do not intend to join additional parties.

G. MOTIONS

The parties do not currently intend to file any motions pursuant to Rules 12(b), 12(c) or 56 of the Court of Federal Claims. The parties reserve the right to file dispositive motions at the appropriate time.

H. RELEVANT FACTUAL AND LEGAL ISSUES

(1) The parties dispute whether Plaintiffs experienced flooding problems on their property prior to 1995. In that year, ponds located on nearby federal land (the "CCC Ponds") were recharged with water (the "CCC Ponds Project") through the efforts of the United States Department of Agriculture's Forest Service ("FS"), the United States Department of the Interior's Bureau of Land Management ("BLM"), and local government entities. Defendant's

position is that Plaintiffs had flooding problems on their property that preceded the CCC Ponds Project. Plaintiffs' position is that they did not experience flooding before the CCC Ponds Project.

(2) The parties dispute how much water was retained in the CCC Ponds at various times prior to the recharging in 1995. Defendant's position is that the CCC Ponds retained water at significant levels prior to the CCC Ponds Project. Plaintiffs' position is that the CCC Ponds were substantially empty prior to the CCC Ponds Project.

(3) The parties dispute whether the CCC Ponds Project caused recurring flooding on Plaintiffs' property, particularly in the winter, from 1995 until 1999, the year a subsurface drain was installed on federal land. Defendant's position is that factors such as a nearby creek and extraordinary rainfall, not the CCC Ponds Project, caused the flooding. Plaintiffs' position is that the flooding was caused by the CCC Ponds Project.

(4) The parties dispute whether the construction of the subsurface drain stopped the flooding of Plaintiffs' property. Defendant has insufficient information to form an opinion as to whether the subsurface drain totally eliminated Plaintiffs' flooding problems. Plaintiffs' position is that they have not experienced flooding since installation of the drain.

(5) The parties dispute whether the CCC Ponds Project resulted in the temporary taking of a flowage easement over Plaintiffs' property from 1995 until 2003, the year the property dried out.

I. SETTLEMENT AND ADR

The parties have initiated settlement discussions and Defendant has had an appraiser make a preliminary evaluation of Plaintiffs' property. Plaintiffs have also secured an initial cost

to rebuild the house and repair the landscaping. The parties have also scheduled a site visit and a settlement meeting to take place on Plaintiffs' property on August 12, 2005. The parties are hopeful that this case can be settled without the need for a trial, but are not yet able to assess the likelihood of settlement.

Should a settlement not be reached, the parties believe that bifurcated trials on the issues of liability and damages would be beneficial for resolution of this case.

J. JOINT PROPOSED SCHEDULING PLAN

**Discovery Plan**

1. The parties will disclose information and exchange documents not previously provided during initial disclosures by **October 1, 2005**.
2. The parties do not believe that a dispositive motion could be filed after conducting limited discovery on a particular issue given the complex issues of causation and liability in this case.
3. The parties do not believe that discovery should be conducted in phases or limited to certain issues.
4. The parties will complete all fact discovery by **January 13, 2006**.
5. The parties propose the following time and dates following the close of fact discovery for a status conference to discuss the remainder of the case:
   a. January 20, 2006 at 10:00 a.m.
   b. January 23, 2006 at 10:00 a.m.
   c. January 27, 2006 at 10:00 a.m.
6. Defendant does not currently plan to file any dispositive motions.

However, Defendant believes it is likely that, following expert discovery, it will file a motion for summary judgment on the issue of whether Defendant's actions caused flooding to occur on Plaintiffs' property, and thereby imposed a flowage easement. Defendant will file such a motion by **August 18, 2006**. Plaintiff will assess the propriety of filing its own motion for summary judgment at the close of expert discovery.

7. Plaintiffs shall disclose their expert witnesses' identities by **February 3, 2006**, their expert witnesses' reports by **April 3, 2006**, and shall make their expert witnesses available for deposition by **May 12, 2006**. Defendant shall disclose its expert witnesses' identities by **May 26, 2006**, its expert witnesses' reports by **June 26, 2006**, and shall make its experts available for deposition by **July 28, 2006**. Because Plaintiffs will be presenting their expert witnesses first, Plaintiffs reserves the right to designate rebuttal experts.

8. Expert discovery will be completed by **August 14, 2006**.

9. The parties believe that the presumptive limits of five (5) depositions per side and 25 interrogatories per individual party, as provided by Paragraph 8.b.ii of the SSPO, should apply in this case.

10. The parties do not anticipate requesting physical or mental examinations of parties pursuant to RCFC 35.

11. All discovery will be concluded by **August 25, 2006**.

The parties estimate that the earliest date this case should reasonably be expected to be

ready for trial is **November 1, 2006**. The parties estimate that the entire case could be tried in seven days. The parties request that trial take place in Cheyenne, Wyoming.

K. ELECTRONIC CASE MANAGEMENT

The parties do not believe there are any special issues regarding electronic case management needs in this case.

L. EARLY MEETING OF COUNSEL

As required in Appendix A ¶ 3, counsel have conferred by telephone and email on multiple occasions, most recently on July 21, 2005, to prepare the JPSR and this amended JPSR, to discuss each party's factual and legal contentions, to discuss discovery needs and initial disclosures, and to discuss possible settlement. The documents that would be included in the parties' initial disclosures were obtained from Defendant's files through the Freedom of Information Act ("FOIA"). Rather than exchanging documents already in the possession of both parties, on July 15, 2005 Plaintiff sent to Defendant all FOIA requests describing the documents already in Plaintiffs' possession. Defendant has agreed to review this information and will provide any remaining documents by August 12, 2005.

Plaintiffs' counsel certifies that she has discussed the litigation fees and costs with her clients. Although Plaintiffs' counsel is unable to estimate those costs and fees at this time, Plaintiffs' counsel anticipates that such costs will necessarily include attorneys fees for complex litigation, and the costs and fees of at least two and possible more expert witnesses. The litigation fees and costs of getting this case to this point, including an initial expert witness review, have been approximately $20,000.00.

Counsel for Defendant is unable to estimate at this time what the costs of this litigation

will be given that Defendant is uncertain how many witnesses will be named by Plaintiffs, the extent of documentary evidence to be provided by Plaintiffs, the extent of discovery to be propounded by Plaintiffs, whether any discovery disputes will arise, whether Plaintiff will file a dispositive motion, whether the Court will view a motion for summary judgment that might be filed by Defendant favorably, among other reasons. However, Counsel for Defendant certifies that BLM and FS have been informed that the costs and time required to take this case through the discovery and trial process will be significant.

PROPOSED DATES AND TIMES FOR STATUS CONFERENCE

1. August 8, 2005 at 10:00 a.m.
2. August 9, 2005 at 10:00 a.m.
3. August 15, 2005 at 10:00 a.m.

Counsel for Plaintiffs has reviewed the content of this report and has authorized counsel for Defendant to file this report on behalf of both parties.

DATED: July 22, 2005

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

/s G. Evan Pritchard
G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov

OF COUNSEL:

Steven M. Hoffman
Attorney
Office of the Solicitor
Rocky Mountain Regional Office
United States Dept. of Interior
755 Parfet Street, Room 151
Lakewood, CO 80215
(303) 231-5363 fax

Diane M. Connolly
Deputy Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
Mountain Region
P.O. Box 25005
Lakewood, CO 80225
(303) 275-5557 fax