Case 1:03-cv-01040-MCA Document 1 Filed 07/24/2003 Page 1 of 9

ORIGINAL

U.S. ... COURT

Peter J. Young
Rick L. Koehmstedt
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorneys For Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CLAYTA FORSGREN and THE FORSGREN FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF SUBLETTE COUNTY, WYOMING; THE UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT DIVISION; UNITED STATES DEPARTMENT OF AGRICULTURE AND NATURAL RESOURCES CONSERVATION SERVICE, a DIVISION OF THE DEPARTMENT OF THE INTERIOR FOR THE UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 03CV1040-B |

**COMPLAINT FOR DAMAGES**

**COME NOW**, Plaintiffs, Clayta Forsgren and the Forsgren Family Trust, (Collectively herein "Clayta Forsgren") for their complaint against defendant, Board of County Commissioners of Sublette County, Wyoming, and the United States Department of the Interior, Bureau of Land Management Division, and the Natural Resources Conservation Service, a Division of the Department of the Interior for the Untied States of America, and hereby states and alleges as follows:

1. The plaintiff, Clayta Forsgren, is a resident of Sublette County, Wyoming, and owns certain real property located in Sublette County, Wyoming. The Forsgren Family Trust also owns and interest in the same real property located in Sublette County.

2. The defendant, Board of County Commissioners of Sublette County, Wyoming, is the legal entity responsible for the management and operation of the governmental and business affairs of Sublette County.

3. The United States, Department of Interior, Bureau of Land Management Division ("BLM") is the legally responsible public entity for managing an administering federally owned and controlled lands and lands with federal oversight under the Clean Water Act.

4. The Department of Agriculture and Natural Resources Conservation Service, a Division of the Department of Interior ("U.S.D.A.") and administering federally owned and controlled/regulated lands and lands with federal oversight under the Clean Water Act.



Def.'s Ex. 21

5. This court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this matter involves questions of federal law, and specifically, 42 U.S.C. § 1983.

6. In 1996, Sublette County, in conjunction with the Wyoming Game and Fish, and the Natural Resources Conservation Service, U.S. Department of Agriculture, and the Bureau of Land Management created a public fishing site and recreation site, named and now known as CCC Ponds in Sublette County, Wyoming.

7. The Ponds were created and managed in connection with the wetland provisions of the Federal Clean Water Act, and are jointly and cooperatively managed, maintained, operated and otherwise utilized by and through the County Commissioners of Sublette County, and the other remaining defendants for the benefit of all members of the public.

8. The Ponds were created and managed in connection with the wetland provisions of the Federal Clean Water Act, and are jointly and cooperatively managed, maintained, operated and otherwise utilized by and through the BLM and Department of Agriculture for the benefit of all members of the public.

9. Within four years after the CCC Ponds were constructed and created, significant volumes of water were allowed to accumulate in the Ponds for recreational uses and users.

10. Nonetheless, the accumulation of waters in the Pond areas increased dramatically, the water table and groundwater levels in the areas in and around the public



Def.'s Ex. 21

use area, and also raised the water table and groundwater levels in private properties adjacent to the public fishing areas.

11. Clayta Forsgren owns real property located at 99 Riverside, Subdivision Road, North of Pinedale, Wyoming 82941, and such property physically lies immediately west of the public fishing area now known as the CCC Ponds.

12. Within four years following the creation of the CCC Ponds, water levels began to accumulate, and continue to accumulate to the extent that the accumulation of water has caused significant deterioration and damages to the real property owned by Clayta Forsgren and the Forsgren Family Trust.

13. The damages to the home and real property were proximately caused by the creation and the maintenance and operation of the CCC Ponds and continues today.

14. The cause and origin of the waters was not reasonably known to plaintiffs until 2002. Moreover, the defendants, collectively and jointly acted to deceive plaintiffs of the true cause of the water damage and increasing water table.

## I. FIRST CLAIM FOR RELIEF - TRESPASS

15. Each of the previous allegations set forth in the prior paragraphs are incorporated herein by reference.

16. The Board of County Commissioners of Sublette County is responsible for the management and operation of the CCC Ponds. Sublette County's legal responsibilities include prevention of extraordinary and unreasonable amounts of water

from flowing from the CCC Ponds, both on the surface and subsurface, onto the real property of others.

17. The BLM and the Department of Agriculture are responsible for the management and operation of the CCC Ponds. BLM and the Department of Agriculture's legal responsibilities include prevention of extraordinary and unreasonable amounts of water from flowing from the CCC Ponds, both on the surface and subsurface, onto the real property of others.

18. Sublette County has allowed water to illegally, improperly, and without permission to trespass upon property owned by Clayta Forsgren.

19. The BLM and the Bureau of Agriculture have allowed water to illegally, improperly, and without permission to trespass upon property owned by Clayta Forsgren.

20. The water, via its trespass, has caused substantial property damage to buildings and other aspects of the real property owned by plaintiffs. The trespass onto Clayta Forsgren's property was not allowed or permitted by Clayta Forsgren, and such actions are without consent in any fashion.

21. Clayta Forsgren is entitled to damages for loss in value, repair and refurbishment of the home and real property, together with emotional and other compensatory damages and punitive damages as are warranted by Wyoming and Federal law.

## II. SECOND CLAIM FOR RELIEF - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS UNDER 42 U.S.C. § 1983

22. Each of the previous allegations set forth in the prior paragraphs are incorporated herein by reference.

23. Both the Federal and Wyoming State Constitutions prohibit taking of a person's private property without just compensation and without due process by any federal or state government. These are fundamental rights that are protected by the Fourteenth and Fifth Amendments of the United States Constitution, and well as various portions of the Wyoming Constitution.

24. Sublette County's maintenance and operation of the CCC Ponds in such a fashion that it allowed water to flow in excessive fashion both on the surface and subsurface onto Clayta Forsgren's private property resulted in a complete taking and a denial of use of Clayta Forsgren's property without due process, and without compensation.

25. The BLM's and the Department of Agriculture's maintenance and operation of the CCC Ponds in such a fashion that it allowed water to flow in excessive fashion both on the surface and subsurface onto Clayta Forsgren's private property resulted in a complete taking and a denial of use of Clayta Forsgren's property without due process, and without compensation.

26. Sublette County's actions and omissions in this regard violate the Fourteenth and Fifth Amendments of the United States Constitution, as well as the Wyoming Constitution.

27. The BLM's and the Department of Agriculture's actions and omissions in this regard violate the Fourteenth and Fifth Amendments of the United States Constitution, as well as the Wyoming Constitution.

28. Clayta Forsgren is an aggrieved person under 42 U.S.C. § 1983, and the actions of Sublette County constitute state actions within the meaning of 42 U.S.C. § 1983.

29. Sublette County is liable, as a matter of federal civil rights law, under 42 U.S.C. § 1983, for its deprivation of Clayta Forsgren's property interest, without due process, and without any compensation whatsoever.

30. The BLM and the Department of Agriculture are liable, as a matter of federal civil rights law, under 42 U.S.C. § 1983, for their deprivation of Clayta Forsgren's property interest, without due process, and without any compensation whatsoever.

31. Clayta Forsgren is entitled to damages, including damages for loss in value, costs to repair and replace the damaged property, as well as other recoverable damages, including emotional, compensatory, and punitive damages for the wrongful conduct of Sublette County employees.



Def.'s Ex. 21

## III. THIRD CLAIM FOR RELIEF FRAUD AND MISREPRESENTATION

32. Each of the previous allegations set forth in the prior paragraphs are incorporated herein by reference.

33. One or more of Defendants or their agents; individually and collectively took overt steps to deceive plaintiffs in determining the cause and origin of the water table increases and seepage and made written and oral misrepresentations to plaintiffs as to the source and cause.

34. Plaintiff relied upon the representatives of the defendants and delayed remodel work on the real property and delayed in prosecuting the responsible parties.

35. Defendants representatives were false and untrue, and when relied upon by plaintiffs caused damages to plaintiffs persons and property, all in an amount to be process at trial.

## IV. FORTH CLAIM OF RELIEF PUNITIVE DAMAGES

36. Each of the previous allegations set forth in the prior paragraphs are incorporated herein by reference.

37. Defendants conduct in this matter was intentional, willful and in reckless disregard of plaintiffs' rights and in and effort to conceal the true cause of the damages.

38. Such intentional conduct wants the imposition of exemplary and punitive damages.

**WHEREFORE,** plaintiffs prays for judgment against defendants for thier claims as alleged herein for all of their damages as allowed by law to be assessed by the jury, and for such other relief that is just and proper in the premises.

DATED this 28th day of July, 2003.

Peter J. Young
Rick L. Koehmstedt
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorneys For Plaintiffs