IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-1223 L |
| THE UNITED STATES OF AMERICA, | ) | Judge Margaret M. Sweeney |
| Defendant. | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

G. EVAN PRITCHARD
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0203
Fax: (202) 305-0506
E-Mail: g.evan.pritchard@usdoj.gov

OF COUNSEL:

Steven M. Hoffman
Attorney
Office of the Solicitor
Rocky Mountain Regional Office
United States Dept. of Interior
755 Parfet Street, Room 151
Lakewood, CO 80215

Diane M. Connolly
Deputy Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
Mountain Region
P.O. Box 25005
Lakewood, CO 80225

Date: June 16, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . ii

MEMORANDUM . . . . . . . . . . 1

I. THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' COMPLAINT PURSUANT TO 28 U.S.C. § 1500 . . . . . . . . . . 1

A. Plaintiffs' District Court Claim was Pending for Purposes of 28 U.S.C. § 1500 Despite Plaintiffs' Failure to Serve the United States with a Summons and the Complaint . . . . . . . . . . 2

B. Plaintiffs' Argument that the United States Has Not Had to Defend Two Lawsuits is Unavailing . . . . . . . . . . 5

C. Whether or Not the District Court had Jurisdiction is Irrelevant . . . . . . . . . . **7**

II. ALTERNATIVELY, PLAINTIFFS' CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS . . . . . . . . . . **7**

A. The Extent of the Damage to Plaintiffs' Property was Foreseeable by 1997 . . . . . . . . . . 8

B. Plaintiffs Had no Reason to Expect Further Help After 1997 . . . . . . . . . . 10

III. CONCLUSION . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## CASES

Boling v. United States, 220 F.3d 1365 (Fed. Cir. 2000) . . . . . 8, 9

Breneman v. United States, 57 Fed. Cl. 571 (2003) . . . . . 2, 4

British American Tobacco Co. v. United States, 89 Ct. Cl. 438 (1939) . . . . . 4

Fallini v. United States, 56 F.3d 1378 (Fed. Cir. 1995) . . . . . 9

Forsgren v. United States, 64 Fed. Cl. 456 (2005) . . . . . 8, 9, 10

Goodrich v. United States, 434 F.3d 1329 (Fed. Cir. 2006) . . . . . 9

Keene Corp. v. United States, 508 U.S. 200 (1993) . . . . . 7

Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . 7

National Cored Forgings Co. v. United States, 132 F.Supp. 454 (Ct. Cl. 1955) . . . . . 4

Pardazi v. Cullman Medical Center, 702 F. Supp. 852 (N.D. Ala. 1988) . . . . . 4, 5

Pardazi v. Cullman Medical Center, 896 F.2d 1313 (11th Cir. 1990) . . . . . 5

Spodek v. United States, 44 Fed. Cl. 32 (1999) . . . . . 2

United States v. County of Cook, Illinois, 170 F.3d 1084 (Fed. Cir. 1999) . . . . . 2, 4

United States v. Dickinson, 331 U.S. 745 (1947) . . . . . 8

UNR Industries, Inc. v. United States, 962 F.2d 1013 (Fed. Cir. 1999) . . . . . 6

Vaizburd v. United States, 46 Fed. Cl. 309 (2000) . . . . . 7

## STATUTES

28 U.S.C. § 2501 . . . . . 1, 8

28 U.S.C. § 1500 . . . . . 6

## RULES

Fed. R. Civ. Pro. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. Pro. 4(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. Pro. 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**MEMORANDUM**

Defendant filed its Motion to Dismiss for lack of Jurisdiction or, in the Alternative, for Summary Judgment ("Defendant's Motion") on April 28, 2006. Plaintiffs filed their Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction Pursuant to 28 U.S.C. § 1500, and Plaintiffs' Response to Motion for Summary Judgment on the Statute of Limitations ("Plaintiffs' Opposition Brief") on May 30, 2006.[1/] In their brief, Plaintiffs argue that this Court's jurisdiction is not barred by 28 U.S.C. § 1500 or by the relevant statute of limitations, 28 U.S.C. § 2501. As explained below, Plaintiffs' arguments must be rejected and their Complaint should be dismissed.

**I. THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' COMPLAINT PURSUANT TO 28 U.S.C. § 1500**

Plaintiffs present three arguments for why 28 U.S.C. § 1500 does not bar this Court's jurisdiction over their Complaint. Pls.' Opp. Br. at 9. First, they argue that the claim they filed in the United States District Court for the District of Wyoming was not "pending" at the time they filed their Complaint in this Court. Id. Second, they argue that 28 U.S.C § 1500 does not apply here because "the purposes of the statute have not been violated." Id. at 10. Finally, they argue that 28 U.S.C § 1500 does not apply because the district court lacked jurisdiction over their claim. Id. at 13. As explained below, each of these arguments is without merit.

[1/] Plaintiffs electronically filed numerous supporting documents in response to Defendant's Motion on May 26, 2006. However, Plaintiffs' brief in opposition was not filed until May 30, 2006.

### A. Plaintiffs' District Court Claim was Pending for Purposes of 28 U.S.C. § 1500 Despite Plaintiffs' Failure to Serve the United States with a Summons and the Complaint

Plaintiffs do not dispute that they filed a complaint in district court on July, 28, 2003 that was dismissed with prejudice on August 16, 2004. Id. at 8-9. Nor do Plaintiffs dispute that they filed their Complaint in this Court on July 27, 2004, prior to dismissal by the district court. Id. at 9. However, Plaintiffs assert that their district court claim was never truly "pending" because Plaintiffs failed to serve the United States in that action with a summons and a copy of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Id. at 9-10. Plaintiffs do not cite, nor has Defendant found, any case law in support of this argument. Indeed, relevant case law makes clear that this argument is without merit.

A claim is considered "pending" for purposes of 28 U.S.C. § 1500 if that claim was filed prior to or simultaneously with the filing of the same claim in the Court of Federal Claims. United States v. County of Cook, Illinois, 170 F.3d 1084, 1090-91 (Fed. Cir. 1999). Thus, "[t]he same action filed in district court prior to being filed in the Court of Federal Claims divests the latter of jurisdiction. . . ." Spodek v. United States, 44 Fed. Cl. 32, 41 (1999) (emphasis added). See also Breneman v. United States, 57 Fed. Cl. 571, 575 ("The court will analyze [whether § 1500 applies] by determining when plaintiffs['] claims were filed here and in the [district court]" (2003) (emphasis added). The case law therefore makes clear that the act of filing a claim in another court, rather than serving the defendant with a copy of the complaint, is the relevant event in determining whether the claim is "pending" for purposes of § 1500.

Despite clear case law on the issue, Plaintiffs nevertheless argue that their district court claim was never pending because neither a summons nor a copy of the complaint was ever

served on the United States and "[n]othing occurred in [that] case other than the filing of a complaint and a dismissal." Pls.' Opp. Br. at 10. For support of this contention, Plaintiffs merely cite the Federal Rules of Civil Procedure. Id. at 9-10. However, to the extent they are relevant, these rules support the application of § 1500 in this case.

Plaintiffs first cite Rule 3 of the Federal Rules of Civil Procedure, Pls.' Opp. Br. at 9, which simply states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. Pro. 3 (emphasis added). However, this rule actually supports application of § 1500 because it clearly and unequivocally identifies the act that begins the pendency of a claim–filing the complaint.

Plaintiffs next cite Rule 4 of the Federal Rules of Civil Procedure, Pls.' Opp. Br. at 9-10, which requires a plaintiff to serve a summons and a copy of the complaint on the defendant within 120 days of filing the complaint. Fed. R. Civ. Pro. 4(c) & (m). The rule provides in relevant part that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). Plaintiffs do not explain how this rule supports their argument that their district court claim was not pending at the time the Complaint was filed in this Court.[2/]

Plaintiffs' contention that § 1500 does not apply where the defendant has not yet been

---

[2/] As Plaintiffs recognize, the Wyoming District Court dismissed Plaintiffs' complaint for failure to prosecute, not for failure to serve the United States with a summons and copy of the complaint. Pls.' Opp. Br. at 8-9.

served with a summons and the complaint is also at odds with cases holding that § 1500 precludes jurisdiction where complaints are filed simultaneously in district court and the Court of Federal Claims. See County of Cook, 170 F.3d at 1090-91 ("nothing suggests that [the purposes for § 1500] would not . . . be promoted by precluding jurisdiction [in the Court of Federal Claims] in the simultaneous filing context"); see also British American Tobacco Co. v. United States, 89 Ct. Cl. 438, 1939 WL 4266 (1939) (holding that predecessor to § 1500 precluded jurisdiction where plaintiff filed claims in district court and Court of Claims on same day); National Cored Forgings Co. v. United States, 132 F.Supp. 454 (Ct. Cl. 1955) (same); cf. Breneman, 57 Fed. Cl. at 577 (holding that § 1500 does not preclude jurisdiction where complaint was filed in Court of Federal Claims less than two hours before the district court complaint was filed). The courts thus focus on the time of filing in determining the impact of § 1500 and do not make any reference to service of summonses and complaints. Likewise, this Court should focus on the time of filing of the complaints rather than when, or if, service was ever made.

In a footnote, Plaintiffs state that their district court action was at most only "provisionally" commenced pending service of the complaint. Pls.' Opp. Br. at 10 n.2. Plaintiffs then state that "[i]f the complaint is not served on the defendant within the time period set forth in the rules, the complaint shall be dismissed without prejudice." Id. (citing Pardazi v. Cullman Medical Center, 702 F. Supp. 852 (N.D. Ala. 1988)). Plaintiffs conclude the footnote by declaring that "[i]n this case, the time limitation for service ran long before the instant Complaint was filed and properly served thus the case was never pending." Pls.' Opp. Br. at 10 n.2. Plaintiffs' footnote is both misleading and misguided, and the case they cite, like the

Federal Rules of Civil Procedure, actually supports the conclusion that their district court action was pending when they filed the instant action, despite their failure to serve the United States with the complaint in the earlier suit.

In Pardazi, the United States District Court for the Northern District of Alabama held that a civil action is only "provisionally" commenced, for purposes of the applicable statute of limitations, by the filing of a complaint. 702 F. Supp. at 869. If a plaintiff then fails to serve the defendant with a summons and a copy of the complaint within the 120-day period prescribed by Rule 4 of the Federal Rules of Civil Procedure, and cannot show good cause for the delay, the action is time-barred if the statute of limitations period has expired between the filing of the complaint and the expiration of the 120-day period. Id. Plaintiffs imply that the issue of proper service was not relevant to the case's reversal on appeal by including in their citation the explanatory phrase "rev'd on other grounds." See Pls.' Opp. Br. at 10 n.2. However, in reversing the district court, the United States Court of Appeals for the Eleventh Circuit explicitly stated that a "plaintiff complies with the [applicable] statute of limitations simply by filing the complaint" and that "compliance with [the statute of limitations] is not dependent upon compliance with [the 120-day time period for service]." Pardazi v. Cullman Medical Center, 896 F.2d 1313, 1316 (11th Cir. 1990). Thus, the appeals court made clear that filing a complaint, rather than serving the defendant, is the critical act for statute of limitations purposes. This rule is entirely consistent with the case law cited above holding that the filing of the complaint is also the critical act for purposes of § 1500. In sum, Plaintiffs' attempts to demonstrate that their failure to serve the United States in the district court action negates the application of § 1500 must be rejected.

**B. Plaintiffs' Argument that the United States Has Not Had to Defend Two Lawsuits is Unavailing**

Plaintiffs' second argument against application of § 1500 is that the purpose of the statute–to force plaintiffs to choose which forum they will sue in so that the United States does not have to defend two identical lawsuits simultaneously–has not been violated. Pls.' Opp. Br. at 10-11 (quoting UNR Industries, Inc. v. United States, 962 F.2d 1013, 1018-19 (Fed. Cir. 1999)). This argument is closely related to Plaintiffs' first argument–that their district court action was never pending because they failed to serve the United States with a summons and the complaint. Plaintiffs recognize this fact in their brief: "No summonses were issued and the District Court complaint was never served on the Defendant, so it did not have to defend against it." Pls.' Opp. Br. at 11. This repackaging of their argument is equally unconvincing and must be rejected. Not surprisingly, Plaintiffs do not cite, nor has Defendant found, any authority in support of their argument.

Plaintiffs attempt to distinguish the instant case from others that have convoluted procedural histories sometimes involving multiple complaints in various courts or amendments to complaints. Pls.' Opp. Br. at 12. However, any such distinctions are immaterial for purposes of § 1500. The text of § 1500 states that the "United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States. . . ." 28 U.S.C. § 1500 (emphasis added). Thus, Plaintiffs' district court action, which was still pending when the Complaint was filed in this Court, triggers § 1500 and precludes this Court's jurisdiction in the instant action. Neither the language of § 1500, nor the case law that has examined this statute, has ever suggested that the jurisdictional requirements set forth therein could be ignored in cases where the district court

action, though pending, was not being vigorously prosecuted.

### C. Whether or Not the District Court had Jurisdiction is Irrelevant

Plaintiffs' final argument against application of § 1500 is that, even if the district court complaint had been "pending" at the time of filing of the Complaint in this Court, the district court lacked any basis for asserting subject matter jurisdiction. Pls.' Opp. Br. at 13. Plaintiffs do not cite any supporting authority and ignore clear case law, cited in Defendant's Motion at 11, that directly contradicts their position.

Plaintiffs' argument ignores the simple fact that "[t]he question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1548 (Fed. Cir. 1994); accord Keene Corp. v. United States, 508 U.S. 200, 207 (1993) (jurisdiction of Court of Federal Claims depends on the state of things at the time the action is brought in that court). The obvious significance of this is that § 1500 will preclude jurisdiction in the Court of Federal Claims even where the district court action has since been dismissed for lack of jurisdiction. See Vaizburd v. United States, 46 Fed. Cl. 309, 311 (2000) ("Dismissal . . . is dictated even when the district court dismissed the taking claim before a ruling by [the Court of Federal Claims], and did so because it lacked jurisdiction"). Consequently, even if Plaintiffs' contention that the district court lacked jurisdiction is correct, § 1500 still precludes this Court's jurisdiction because Plaintiffs' district court action was pending at the time they filed their Complaint in this Court.

## II. ALTERNATIVELY, PLAINTIFFS' CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

Even if the Court concludes that 28 U.S.C. § 1500 does not apply in this case, Plaintiffs' claim is barred by the applicable statute of limitations, 28 U.S.C § 2501. Chief Judge Damich previously determined, based entirely on Plaintiffs' allegations in their Complaint, that Plaintiffs' takings claim accrued in 1999 "when Plaintiffs should have reasonably foreseen the *extent* of the damage to their property." Forsgren v. United States, 64 Fed. Cl. 456, 459 (2005) (emphasis in the original). However, evidence obtained through discovery following the ruling demonstrates that Plaintiffs' claim actually accrued in 1997 because by that time Plaintiffs could foresee the extent of the damage to their property. See Def.'s Mot. at 14-15. In fact, contrary to their representations in their Complaint, Plaintiffs had actual knowledge of significant damage already sustained by their property by 1997. See id. In arguing that Chief Judge Damich's prior holding should not be disturbed, Plaintiffs misinterpret both his legal conclusions and the controlling case law upon which they are based.

### A. The Extent of the Damage to Plaintiffs' Property was Foreseeable by 1997

Plaintiffs place great emphasis on this Court's holding that "accrual occurs when Plaintiffs should have reasonably foreseen the *extent* of the damage to their property, [Boling v. United States, 220 F.3d 1365, 1370-71 (Fed. Cir. 2000) (emphasis in original)], and when a 'final account may be struck.' [United States v. Dickinson, 331 U.S. 745, 749 (1947)]." Plaintiffs interpret this holding, particularly the language from Dickinson, as allowing them to wait to file suit until the flooding stopped and they became aware of the "full" extent of the damage to their property. Pls.' Opp. Br. at 17, 20, 22. However, as noted in this Court's opinion, a gradual takings claim accrues "'when it becomes clear that the gradual process set into

motion by the government has effected a permanent taking, not when the process has ceased or when the entire extent of the damage is determined.'" Forsgren, 64 Fed. Cl. at 458 (quoting Boling, 220 F.3d at 1370-71). Clear precedent from the Federal Circuit makes evident that Plaintiffs' argument must be rejected.

In Boling, the Federal Circuit explained that "[t]he contention that Dickinson stands for the proposition that the filing of a lawsuit can be postponed until the full extent of the damage is known has been soundly rejected." Boling, 220 F.3d at 1371; accord Fallini v. United States, 56 F.3d 1378, 1382 (Fed. Cir. 1995) ("[I]t is not necessary that damages from the alleged taking be complete and fully calculable before the cause of action accrues"). Rather, "the 'obligation to sue' arises once the 'permanent nature' of the government action is evident, regardless of whether damages are 'complete and fully calculable.'" Goodrich v. United States, 434 F.3d 1329 (Fed. Cir. 2006) (citing Fallini). Thus, Plaintiffs' claim accrued in 1997 after three successive years of flooding had revealed the permanent nature of the alleged taking and had caused significant structural damage to their home. The law simply does not permit a plaintiff to wait, as Plaintiffs have here, until the damage is complete and its full extent can be assessed.

Plaintiffs also continue to assert, without explaining why, that they "could not have been aware of the full extent of their damage when there was still water on the property in 1997, 1998, and 1999." Pls.' Opp. Br. at 21. Indeed, relying on the allegations in Plaintiffs' Complaint, Chief Judge Damich apparently believed that Plaintiffs were incapable of assessing damage while water was present on the property prior to 1999. See Forsgren, 64 Fed. Cl. at 459 ("[I]t would not be fair to charge Plaintiffs with foreseeing the extent of their damages, when an expanse of their lawn, including the area immediately surrounding their house, was still under

water or ice"). However, the significant structural damage observed by the tax assessor in 1997 was readily apparent inside Plaintiffs' home and was not concealed by the presence of any water or ice. See Def.'s Mot. at 5-6, 14-15. Thus, Plaintiffs could foresee the extent of the damage–and their takings claim accrued– by 1997.[3] Their claim is therefore barred by the statute of limitations.

**B. Plaintiffs Had no Reason to Expect Further Help After 1997**

As Plaintiffs note, Chief Judge Damich found that, in light of the government's efforts to mitigate the damage to Plaintiffs' property, "it is easy to see how this appearance of cooperation from the government could have caused Plaintiffs to delay filing suit." Pls.' Opp. Br. at 23 (citing Forsgren, 64 Fed. Cl. at 460). Again, however, the Court did not have the benefit of crucial facts subsequently obtained through discovery. As explained in Defendant's Motion, Plaintiffs were informed in 1997 that the government did not believe the CCC Ponds were the cause of Plaintiffs' water problems, that a drain installed in 1996 had solved the problems, and that the government would not be providing any further help to Plaintiffs in addressing any further water problems. See Def.' Mot. at 16-17. Therefore, as of 1997, Plaintiffs had no basis for expecting further help from the government that would justify their delay in filing suit. Since their claim accrued in 1997, it is barred by the statute of limitations and must be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion and dismiss Plaintiffs' Complaint for lack of jurisdiction pursuant to the requirements of 28 U.S.C. § 1500. Alternatively, the Court should dismiss Plaintiffs' Complaint as barred by the statute of

[3] Defendant denies that any such damage was caused by its activities.

limitations.

DATED: June 16, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

/s G. Evan Pritchard
G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov

OF COUNSEL:

Steven M. Hoffman
Attorney
Office of the Solicitor
Rocky Mountain Regional Office
United States Dept. of Interior
755 Parfet Street, Room 151
Lakewood, CO 80215
(303) 231-5363 fax

Diane M. Connolly
Deputy Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
Mountain Region
P.O. Box 25005
Lakewood, CO 80225
(303) 275-5557 fax

340679.1