**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CLAYTA FORSGREN, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 04-1223 L<br>Chief Judge Margaret Sweeney<br>Electronically Filed on 9/1/06 |

**MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

COME NOW Plaintiffs, and hereby make this Motion pursuant to the Rules of United States Court of Federal Claims, Rule 15. Plaintiffs request the Court to grant leave to supplement the Complaint underlying this matter. A copy of the Supplemented Complaint is attached hereto. Counsel for Plaintiffs has conferred with counsel for Defendants. Counsel for Defendants, Evan Pritchard, indicated that he takes no position on the Motion until he has had a chance to review it.

The initial Complaint in this matter was filed July 26, 2004. Defendants have filed an Answer and a Motion to Dismiss in this case. The facts added in the Supplemented Complaint do not add any causes of action, do not affect the arguments that have already been raised in the briefing on the Motion to Dismiss, and do not require any further briefing on the Motion to Dismiss. Thus, this Motion to supplement is timely and will not prejudice Defendants.

Rule 15(d) of the United States Court of Federal Claims allows for "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." USCFC Rule 15(d). As other courts have recognized, "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." Aftergood v. CIA, 225 F.Supp.2d 27, 30 (D.D.C. 2002)(quoting

Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)). "[T]he purpose of pleading 'is to facilitate a proper decision on the merits' and avoid the dismissal of potentially meritorious claims due to procedural missteps." Id. (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).

Plaintiffs request leave to supplement their Complaint in order to ensure that all claims in this case can be efficiently adjudicated. All of the events described in the supplemental paragraphs arose after the Complaint was filed. Specifically, Plaintiffs proposed changes involve the addition of references to flooding that is currently occurring due to failure of the Defendants to maintain the subsurface drain placed adjacent to Plaintiffs' property in 1999. This re-flooding has occurred recently and after the original Complaint in this case was filed.

Plaintiffs propose changes to the following paragraphs to supplement the Complaint: ¶¶ 4, 5, 6, 58, 62, 63, 76, 79, 84, and deletion of ¶¶ A and C and renumbering of the paragraphs within the request for relief. The changes to the requests for relief are done only to comply with Plaintiffs' earlier decision to remove requests for declaratory and injunctive relief.

For the above-stated reasons, Plaintiffs respectfully request the Court to grant leave to supplement the Complaint as reflected in the attached Supplemented Complaint.

RESPECTFULLY SUBMITTED this 1st day of September, 2006.

/s/ Karen Budd-Falen
Karen Budd-Falen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street, P.O. Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile

Erin Sass Eastman, of counsel
BUDD-FALEN LAW OFFICES, LLC