# In the United States Court of Federal Claims

No. 04-1223 L
(Filed: September 27, 2006)

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., Plaintiffs, | * | RCFC 12(b)(1); 28 U.S.C. § 1500; Fifth Amendment Taking; Fed. R. Civ. P. 3, 4; Federal District Court Local Rules; Federal District Court Jurisdiction; 28 U.S.C. § 2501; Law of the Case |
| v. | * | |
| THE UNITED STATES, Defendant. | * | |

Karen Budd-Falen, Cheyenne, Wyoming, for plaintiffs.

G. Evan Pritchard, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Before this court is Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Summary Judgment. Defendant seeks dismissal of plaintiffs' complaint pursuant to 28 U.S.C. § 1500 (2000), which bars jurisdiction in the United States Court of Federal Claims ("Court of Federal Claims") if a plaintiff has the same claim pending in another court. Alternatively, defendant seeks summary judgment pursuant to 28 U.S.C. § 2501 (2000), which requires that a plaintiff file a complaint within six years of the accrual of a claim.

The facts of this case demonstrate that plaintiffs, for the purposes of 28 U.S.C. § 1500, had the same claim pending in another court when they filed their complaint in the Court of Federal Claims. Accordingly, the court **GRANTS** defendant's motion to dismiss.

## I. BACKGROUND

In 1933, the Civilian Conservation Corps ("CCC") constructed a series of ponds on land managed by the Bureau of Land Management near Pinedale, Wyoming.[1] Compl. ¶ 14. The CCC

[1] For the purposes of deciding defendant's motion to dismiss for lack of jurisdiction, the facts in this section are derived from plaintiffs' complaint ("Compl.") and the exhibits attached to defendant's motion ("Def.'s Ex.") and plaintiffs' opposition ("Pls.' Ex.").

built the ponds to raise fish and to serve as a reservoir for irrigation projects. Id. In 1944, the main source of water to the ponds was eliminated, leaving groundwater seepage as the only source of water. Id. ¶¶ 15, 28. In January 1966, Clayta and Richard Forsgren ("Mr. and Mrs. Forsgren" or "the Forsgrens") purchased property that was located approximately 1,000 feet from the ponds.[2] Id. ¶ 16.

When the Forsgrens purchased the property, it was undeveloped and contained no standing water. Id. ¶ 17. Between the time of the purchase and 1971, the Forsgrens maintained a travel trailer on the property and at no time observed any excessive water on the property. Id. ¶ 22. The Forsgrens built a house on the property in 1971. Id. ¶ 20. They also landscaped the property by bringing in topsoil and planting a lawn, trees, and flowers. Id. ¶ 21. The Forsgrens allege that, between 1971 and 1995, they did not experience flooding problems on their property. Id. ¶ 24.

In 1993, various local, state, and federal government entities began to discuss the feasibility of recharging the ponds. Id. ¶ 25. During these discussions, Mr. Forsgren raised concerns about seepage that might occur if the ponds were reconstituted. Id. ¶ 26.

The reconstruction and recharging of the ponds were completed in the spring of 1995. Id. ¶ 33. On September 27, 1995, Mr. Forsgren reported water problems on his property. Id. ¶ 34. A geologist visited the Forsgrens' property and suggested that the ponds could be the source of the problem. Id. ¶ 35. However, despite the construction of a surface ditch and, later, a subsurface drain, the Forsgrens continued to experience flooding and ice accumulation on their property. Id. ¶¶ 41-57. The flooding and ice accumulation caused significant damage to the Forsgrens' house. Id. ¶¶ 45, 50, 54-55, 57.

The subsurface drain was constructed in 1999. Id. ¶ 58. From 1999 to the winter of 2003, the drain appeared to be working properly, and the Forsgrens' property began to dry out. Id. ¶¶ 58, 62. The property did not dry out completely until 2003. Id. ¶ 62.

On July 28, 2003, Mrs. Forsgren and the Forsgren Family Trust[3] filed a complaint in the United States District Court for the District of Wyoming ("district court"), alleging that the

---

[2] Mr. and Mrs. Forsgren transferred the property in 1991 to the Forsgren Family Trust. Compl. ¶ 16.

[3] In the district court, both the caption and the body of the complaint indicated that the plaintiffs were Mrs. Forsgren and the "Forsgren Family Trust." In this court, the complaint's caption indicates that the plaintiffs were "Clayta Forsgren, Richard A. Forsgren, Richard E. Forsgren, Terri Lynn Hager, and Barbara Ann Thompson: Trustees of the Richard A. Forsgren Revocable Living Family Preservation Trust." However, the body of the complaint filed in this court identifies a single plaintiff: the "Forsgren Family Trust." The court is satisfied that the plaintiffs in both cases are the same.

reconstitution of the ponds caused "significant deterioration and damages" to the Forsgrens' property. Def.'s Ex. 21 at 1, 3-4. The named defendants in the district court action included components of the United States Department of the Interior and the United States Department of Agriculture. Id. at 1. The complaint asserted four claims for relief: trespass, deprivation of property without due process pursuant to 42 U.S.C. § 1983, fraud and misrepresentation, and punitive damages. Id. at 4-8. The complaint's prayer for relief requested "damages as allowed by law" and "other relief that is just and proper." Id. at 9. No showing has been made that the complaint was or was not served on defendants[4] or that defendants waived service of a summons and the complaint. However, the district court's electronic docket indicates that the clerk did not issue a summons. Pls.' Ex. 33 at 2. At the time the district court complaint was filed, attorney Peter Young represented Mrs. Forsgren and the Forsgren Family Trust.[5] Def.'s Ex. 21 at 1, 9.

The district court's docket reflects that, subsequent to the filing of the complaint, none of the parties to the case took any further action. Pls.' Ex. 33 at 2. Eventually, on February 18, 2004, the district court issued a Notice of Impending Dismissal pursuant to Local Rule 41.1(b),[6]

---

[4] Plaintiffs assert in their opposition that "[t]his Complaint was never served on any of the defendants in that case." Pls.' Opp'n 8.

[5] Plaintiffs' opposition includes the following:

> Plaintiffs became aware that Mr. Young was not pursuing the case and was, in fact, misleading Plaintiffs about the status of the case. After finding out the true status of their case, Plaintiffs contacted current counsel at Budd-Falen Law Offices and additionally contacted Mr. Young to request that he dismiss his complaint.

Pls.' Opp'n 8. Plaintiffs' averment is not supported by any evidence in the record. However, alleged misconduct by prior counsel would not remedy a jurisdictional defect. Section 1500 of Title 28 of the United States Code does not contain an exception that limits its application in circumstances of attorney incompetence or fraud.

[6] Local Rule 41.1(b) of the United States District Court for the District of Wyoming, which has been in effect since at least November 30, 1996, and expands upon Rule 41(b) of the Federal Rules of Civil Procedure, provides:

> Dismissal for Lack of Prosecution. If no action has been taken in any case by a party for three (3) months or the case is not at issue by that time, the Court shall direct the Clerk of Court to notify counsel of record, or the parties if their addresses are known, and if they are not represented by counsel of record, by certified mail return receipt requested, that said case shall be dismissed for lack of prosecution thirty (30) days from the date of said notice. If no action is taken within said thirty (30) days after such notice has been given, the Court may, in its

indicating that the case would be dismissed as a result of inaction over a three-month period. Id.; Pls.' Ex. 26.

On July 27, 2004, plaintiffs filed a complaint in the Court of Federal Claims ("the CFC complaint"), alleging that the reconstruction of the ponds near their property by the United States caused a temporary taking via a water flowage easement. Compl. ¶ 1. The CFC complaint contained one claim for relief–a Fifth Amendment taking. Id. ¶¶ 65-86. The CFC complaint also contained a prayer for relief requesting a declaratory judgment, monetary damages, injunctive relief, costs, and "such other and further relief as the Court deems just and proper." Id. at 19-20. Attorney Karen Budd-Falen prepared and filed the CFC complaint. Id. at 20.

On August 16, 2004, the district court issued an order dismissing the case of Mrs. Forsgren and the Forsgren Family Trust with prejudice for failure to prosecute. Pls.' Ex. 33 at 2; Def.'s Ex. 22.

On March 21, 2005, Chief Judge Edward J. Damich ruled on defendant's initial motion to dismiss for lack of jurisdiction.[7] Forsgren v. United States, 64 Fed. Cl. 456 (2005). Defendant argued that the CFC complaint was filed after the expiration of the six-year limitations period set forth in 28 U.S.C. § 2501. Id. at 457-58. The Chief Judge found that plaintiffs' takings claim accrued in 1999, when plaintiffs could have "reasonably foreseen the extent of the damage to their property" and arrived at a "final account." Id. at 459 (quotation & citations omitted). Further, the Chief Judge found that it would be unfair to plaintiffs to charge them "with foreseeing the extent of their damages, when an expanse of their lawn, including the area immediately surrounding their house, was still under water or ice." Id. Then, in dicta, the Chief Judge noted that even if plaintiffs were able to foresee the damage to their property prior to July 1998, "the government's attempts to repair the damage to Plaintiffs' land caused the date of accrual to be uncertain." Id. The Chief Judge concluded by dismissing plaintiffs' equitable claims. Id. at 460.

Defendant's instant motion seeks dismissal of plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), asserting that this court does not have jurisdiction over plaintiffs' Fifth Amendment takings claim pursuant to 28 U.S.C. § 1500. Alternatively, defendant seeks summary judgment pursuant to RCFC 56(b), contending that plaintiffs' takings claim accrued beyond the six-year limitations period set forth in 28 U.S.C. § 2501.

---

> discretion, enter the order of dismissal. Said order shall be mailed to counsel of record or to the parties.

See Local Rules–Civil, http://www.wyd.uscourts.gov/pdfforms/localrules-cv.pdf (last updated Mar. 1, 2005).

[7] The case was transferred to the undersigned on January 9, 2006.

## II. LEGAL STANDARDS

### A. RCFC 12(b)(1) Motion to Dismiss

In ruling on a motion to dismiss, the court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The court may look to evidence outside of the pleadings to determine the existence of subject matter jurisdiction. Land v. Dollar, 330 U.S. 731, 735 & n.4 (1974); Reynolds, 846 F.2d at 747. If the court concludes that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Subject Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Further, "[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Tucker Act, the principal statute governing the jurisdiction of this court, provides that the Court of Federal Claims has jurisdiction over claims against the United States that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2000). In addition, any claim against the United States filed in the Court of Federal Claims must be "filed within six years after such claim first accrues." Id. § 2501. The Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994).

**C. 28 U.S.C. § 1500**

The Court of Federal Claims lacks jurisdiction over claims that are already pending in another court. The relevant statute, 28 U.S.C. § 1500, provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (emphasis added). This statute "was intended to protect the United States from having to defend two lawsuits over the same matter simultaneously." UNR Indus., Inc. v. United States, 962 F.2d 1013, 1019 (Fed. Cir. 1992).

**III. DISCUSSION**

The language of 28 U.S.C. § 1500 implicates two, separate issues in this case. The first issue is determining whether the same claim was brought in both the Court of Federal Claims and the district court. The second issue is, assuming that the claims are similar, determining whether the district court claim was "pending" at the time plaintiffs filed the CFC complaint.

**A. The Claim Raised in the CFC Complaint Is the Same Claim Within the Meaning of 28 U.S.C. § 1500 as the Claim(s) Presented in the District Court Complaint**

The United States Court of Appeals for the Federal Circuit ("Federal Circuit") has considered the definition of "claim," as used in 28 U.S.C. § 1500: "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." Loveladies Harbor, Inc., 27 F.3d at 1551; see also Keene Corp. v. United States, 508 U.S. 200, 213 (1993) ("Congress did not intend the statute to be rendered useless by a narrow concept of [claim] identity providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation."). In arriving at this conclusion, the Federal Circuit drew from the holdings in several prior decisions.

First, in Johns-Manville Corp. v. United States, the Federal Circuit held that "the term 'claim' in 28 U.S.C. § 1500 [is] defined by the operative facts alleged, not the legal theories raised." 855 F.2d 1556, 1563 (Fed. Cir. 1988). Thus, alleging an alternate legal theory does not create a new claim. Next, in Casman v. United States, the Court of Claims determined that plaintiff's suit before the district court sought completely different relief from his suit before the Court of Claims: plaintiff sought equitable relief (reinstatement) in the district court and money damages (back pay) in the Court of Claims. 135 Ct. Cl. 647 (1956). Thus, claims are distinct if

a plaintiff seeks different forms of relief. Finally, in Keene Corp., the United States Supreme Court ("Supreme Court") clarified that only "some overlap" in the relief requested was necessary to satisfy the "same relief" analysis. 508 U.S. at 212-13. Therefore, to maintain distinct claims, a plaintiff must seek mutually exclusive forms of relief.

As noted above, in the district court, Mrs. Forsgren and the Forsgren Family Trust alleged four claims based on different legal theories, all of which arose from the reconstitution of the CCC ponds. Similarly, in the Court of Federal Claims, plaintiffs allege a Fifth Amendment takings claim arising from the same reconstitution of the ponds. Despite the differing legal theories, both claims are based on the same operative facts.

Additionally, in the district court, Mrs. Forsgren and the Forsgren Family Trust sought money damages and "other relief that is just and proper." Def.'s Ex. 21 at 9. Plaintiffs also seek money damages in the Court of Federal Claims. Since plaintiffs sought money damages in both courts, both complaints requested the same relief. Accordingly, for the purposes of 28 U.S.C. § 1500, the claim in the Court of Federal Claims is the same as the district court claims.

**B. The District Court Complaint Was Pending When Plaintiffs Filed the CFC Complaint**

The Supreme Court held in Keene Corp. that 28 U.S.C. § 1500 bars jurisdiction in the Court of Federal Claims "over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim." 508 U.S. at 209. Thus, "[t]he question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed . . . ." Loveladies Harbor, Inc., 27 F.3d at 1548. According to the Federal Circuit, the term "pending," as used in 28 U.S.C. § 1500, is unambiguous and thus is not susceptible to interpretation:

> The language of that provision is so clear and its meaning so plain that no difficulty attends its construction in this case. Adherence to its terms leads to nothing impossible or plainly unreasonable. We are therefore bound by the words employed and are not at liberty to conjure up conditions to raise doubts in order that resort may be had to construction. It is elementary that, where no ambiguity exists, there is no room for construction. Inconvenience or hardships, if any, that result from following the statute as written, must be relieved by legislation. . . . Construction may not be substituted for legislation.

Johns-Manville Corp., 855 F.2d at 1567 (quoting United States v. Mo. Pac. R.R. Co., 278 U.S. 269, 277-78 (1929)); see also Young v. United States, 60 Fed. Cl. 418, 424 n.9 (2004) (describing the plain meaning of "pending"). It is well settled that pending claims include those that have been filed, but are stayed, Johns-Manville Corp., 855 F.2d at 1567; those that were dismissed after a complaint was filed in the Court of Federal Claims but before the Court of Federal Claims ruled on a motion to dismiss, UNR Indus., Inc., 962 F.2d at 1021; and those that

were filed simultaneously by operation of 28 U.S.C. § 1631, United States v. County of Cook, Ill., 170 F.3d 1084, 1091 (Fed. Cir. 1999).

As explained above, the claims filed in the district court and, subsequently, in the Court of Federal Claims, are identical within the meaning of the statute. Thus, the same claim was "pending" in the district court at the time plaintiffs filed the CFC complaint. The Court of Federal Claims therefore is divested of jurisdiction. However, plaintiffs attempt to craft exceptions to the "pending" requirement by advancing three arguments. First, plaintiffs argue that due to inaction by their district court counsel, the filing of the district court complaint was never consummated. Second, plaintiffs assert that the district court should have dismissed the case before it prior to the date plaintiffs filed the CFC complaint. Finally, plaintiffs argue that the district court never had subject matter jurisdiction over the claims articulated in the district court complaint. As explained below, none of plaintiffs' arguments has merit.

**1. The Alleged Failure to Serve Defendant With a Summons or the Complaint in the District Court Case Does Not Nullify the Filing of the District Court Complaint**

Plaintiffs first argue that a complaint is pending only if a plaintiff deposits the complaint with the clerk, the clerk issues a summons, and the summons and complaint are served on the defendant. Pls.' Opp'n 9-10. But, plaintiffs' view is at odds with the Federal Rules of Civil Procedure ("FRCP"). FRCP 3 states, in its entirety: "A civil action is commenced by filing a complaint with the court." FRCP 4 requires plaintiffs to serve a summons and the complaint on defendant within 120 days after filing the complaint, unless defendant waives service. Fed. R. Civ. P. 4(c), (d), (m). In particular,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

FRCP 3 sets forth clearly the sole requirement for the commencement of a civil action in federal court: the filing of a complaint. Nothing in FRCP 3 or FRCP 4 requires service of a summons and the complaint to commence a civil action.[8] See Gilles v. United States, 906 F.2d

---

[8] It also is worth noting that noncompliance with FRCP 4 does not result in an automatic dismissal. To dismiss a case for failure to serve a summons and complaint, either (1) defendant must file a motion or (2) the court must provide notice to the plaintiff. Fed. R. Civ. P. 4(m); see also United States v. Gluklick, 801 F.2d 834, 837 (6th Cir. 1986) (indicating that the pre-1993

1386, 1388-89 (10th Cir. 1990) (finding that the filing of the complaint, and nothing more, commenced the action under FRCP 3); Isaacks v. Jeffers, 144 F.2d 26, 28 (10th Cir. 1944) (holding that under FRCP 3 and FRCP 4, "the action was commenced and the running of the statute interrupted by the filing of the complaint, although the process was not actually served until slightly more than sixty days after the expiration of four years from the accrual of the action."). Accordingly, a civil action commenced on July 28, 2003–the date on which the district court complaint was filed.

Plaintiffs make a related argument: They contend that because defendant never was served with a complaint that it was required to answer, they did not offend the purpose of 28 U.S.C. § 1500. Specifically, plaintiffs note that the United States never was required to defend two suits at the same time. Pls.' Opp'n 10-13. The persuasiveness of plaintiffs' argument notwithstanding, this court lacks authority to carve out exceptions "to the unequivocal language of § 1500." Harbuck v. United States, 378 F.3d 1324, 1330 (Fed. Cir. 2004). With regard to such policy arguments, the Supreme Court has stated:

> We have said nothing until now about Keene's several policy arguments, and now can only answer that Keene addresses the wrong forum. It may well be, as Keene argues, that § 1500 operates in some circumstances to deprive plaintiffs of an opportunity to assert rights that Congress has generally made available to them "under the complex legal and jurisdictional schemes that govern claims against the Government." The trial judge in this case was not the first to call this statute anachronistic, and there is a good argument that, even when first enacted, the statute did not actually perform the preclusion function emphasized by its sponsor. But the "proper theater" for such arguments, as we told another disappointed claimant many years ago, "is the halls of Congress, for that branch of the government has limited the jurisdiction of the Court of Claims." We enjoy no "liberty to add an exception . . . to remove apparent hardship," and therefore enforce the statute.

Keene Corp., 508 U.S. at 217-18 (citations & footnote omitted). Accordingly, plaintiffs' related argument is without merit.

**2. This Court Cannot Constructively Dismiss the Federal District Court Case**

Plaintiffs next argue that pursuant to the Notice of Impending Dismissal and Local Rule 41.1(b), the district court should have dismissed the complaint for failure to prosecute prior to the date on which they filed their complaint in the Court of Federal Claims. Pls.' Opp'n 8-9. Thus, it is plaintiffs' position that because the district court case could have been dismissed, this court

---

version of FRCP 4(m) requires either a motion or notice to the plaintiff). Since neither action was taken in this case, the complaint remained pending after the 120-day time limit for service.

should deem that complaint dismissed. Plaintiffs do not cite any legal authority in support of this argument.

In a case that has been inactive for three months, Local Rule 41.1(b) provides for notice to the parties that the case will be dismissed in 30 days for lack of prosecution if no further action is taken. This rule spawned the district court's Notice of Impending Dismissal. Although the rule so requires, the Notice of Impending Dismissal did not indicate that the case would be dismissed in 30 days; it only indicated that the case would be dismissed. However, the rule does state that the entry of an order of dismissal is at the discretion of the court. Local Rule 41.1(b). This court will not step into the shoes of a district court judge and create the fiction that the district court complaint is "deemed" dismissed. As counsel are aware,

> [A] district court's failure to comply with its own local rule is not necessarily grounds for a dismissal.
>
> "[A] district court has considerable leeway in its application of its local rules." . . . Even when a local rule is phrased in mandatory language, a district court has discretionary power in its application.

14 James Wm. Moore, Moore's Federal Practice § 83.33 (3d ed. 2006) (footnotes omitted). Thus, it would be improper for this court to establish a constructive dismissal date in lieu of the date that the district court, in its discretion, actually dismissed the case.[9] Accordingly, the district court complaint was pending up until August 16, 2004, the date when the district court complaint was dismissed.

**3. The Subject Matter Jurisdiction of the District Court Is Irrelevant to This Court's 28 U.S.C. § 1500 Analysis**

Finally, plaintiffs argue that the district court complaint was not pending when they filed the CFC complaint because the district court lacked subject matter jurisdiction over all of the claims within the district court complaint.[10] Pls.' Opp'n 13-16. Plaintiffs do not cite any legal

---

[9] As previously noted, plaintiffs represent that they asked their previous attorney to dismiss the district court case. Even if plaintiffs made such a request, it is not dispositive. This court cannot avoid the fact that the district court did not actually dismiss the case until August 16, 2004.

[10] Plaintiffs request that this court make its own determination as to whether the district court had subject matter jurisdiction over a complaint filed in that same court, even though the district court already has entered judgment in its case. What plaintiffs are seeking to accomplish is akin to a collateral attack on the judgment of the district court. See, e.g., Restatement (Second) of Judgments § 12 (1982) ("Contesting Subject Matter Jurisdiction"); 18 James Wm. Moore, Moore's Federal Practice § 131.30[1][d][iv] (3d ed. 2006) (noting that where the prior court does

authority supporting their argument that the district court's jurisdiction is relevant to this court's 28 U.S.C. § 1500 analysis. However, relevant case law from this circuit bears on the issue.

In Brown v. United States, the Court of Claims addressed the following factual situation: Plaintiff filed a complaint in the district court on April 29, 1965; plaintiff filed a complaint in the Court of Claims on April 30, 1965; and the district court dismissed plaintiff's complaint on jurisdictional grounds on December 9, 1965. 358 F.2d 1002, 1003-04 (Ct. Cl. 1966). The Court of Claims held that plaintiff could maintain her Court of Claims complaint because the district court dismissed the district court complaint for lack of jurisdiction. Id. at 1004-05.

The Federal Circuit later overruled Brown in UNR Industries, Inc., holding that the decision in Brown was contrary to the plain meaning and purpose of 28 U.S.C. § 1500. 962 F.2d at 1022; see also id. at 1021 ("By the plain language of section 1500, if the same claim is pending in another court when the plaintiff files his complaint in the Claims Court, there is no jurisdiction, period, even if the conflicting claim is no longer pending when a motion to dismiss is brought or considered by the court." (emphasis added)). The rationale behind the Federal Circuit's decision to overrule Brown was that jurisdiction in the Court of Federal Claims (then the United States Claims Court) "is established, if at all, at the time the suit is filed." Id. at 1022; see also Keene, 508 U.S. at 207 ("[T]he Court of Federal Claims followed the longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the actions brought.'" (citation omitted)). The fact that the district court later found that it lacked subject matter jurisdiction was of no consequence.

The following year, another plaintiff attempted to resurrect Brown in this court. In Donnelly v. United States, plaintiff argued that no claim was pending in the district court when she filed the CFC complaint because the district court had dismissed her complaint on statute of limitations grounds. 28 Fed. Cl. 62, 63, 65 (1993). Citing the repudiation of Brown in UNR Industries, Inc., the court rejected this argument. Id. at 65.

In this case, Mrs. Forsgren and the Forsgren Family Trust filed the district court complaint on July 28, 2003; plaintiffs filed the CFC complaint on July 27, 2004; and the district court dismissed its complaint for failure to prosecute on August 16, 2004. As in Brown, UNR Industries, Inc., and Donnelly, the district court in this case had not made a final determination

---

not expressly or impliedly rule on its jurisdiction (because the issue was never before it), "a subsequent action may be permitted if it can be established that the theories of liability or relief sought were not within the subject matter jurisdiction of the prior court.").

However, even if a collateral attack would be permissible in this case, as it appears it may be, it does not solve plaintiffs' problem: The district court complaint remained pending at the time the CFC complaint was filed. Even if this court declared that the district court lacked jurisdiction to entertain the complaint of Mrs. Forsgren and the Forsgren Family Trust, it would not change the status of the district court complaint at the time plaintiffs filed the CFC complaint.

concerning its jurisdiction at the time the CFC complaint was filed. Thus, it follows that the district court complaint was pending in this case at the time plaintiffs filed their CFC complaint. The court is not aware of any case in which the Federal Circuit held that, in a situation implicating 28 U.S.C. § 1500, a federal district court's finding of lack of subject matter jurisdiction after plaintiff filed a CFC complaint nullified retroactively the pendency of a district court complaint.

The court notes that the district court never considered its jurisdiction to entertain the claims of Mrs. Forsgren and the Forsgren Family Trust.[11] Because the parties made no filings subsequent to the complaint, the district court dismissed the complaint for failure to prosecute.[12] However, it would be improper for this court to speculate when, if at all, the district court would have made a jurisdictional determination.

In sum, it is beyond dispute that at the time plaintiffs filed the CFC complaint, the district court had not dismissed the district court complaint for jurisdictional or other reasons. Thus, the district court complaint remained pending on the critical date: the date on which the CFC complaint was filed.

**C. Statute of Limitations**

Although the court is disposing of this case pursuant to 28 U.S.C. § 1500, it seems prudent to address briefly defendant's motion for summary judgment based on 28 U.S.C. § 2501. Defendant argues that new evidence has arisen since the Chief Judge's ruling that plaintiffs' claim accrued in 1999 and, as a result, requests that this court re-evaluate the accrual date of plaintiffs' claim.

The law of the case doctrine prevents a court from reopening an issue decided earlier in the same case. Messinger v. Anderson, 225 U.S. 436, 444 (1912). However, the law of the case doctrine does not prevent a court from departing "from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. 605, 618 n.8 (1983). Further, when reviewing a renewed motion based on new evidence, the court "must balance the need for finality against the forcefulness of any new evidence and the demands

---

[11] It is not surprising that the district court did not dismiss the complaint for lack of jurisdiction because it lacked any information beyond that contained in the complaint to consider its jurisdiction. Defendant did not file an answer or dispositive motion. Indeed, no entry of appearance on defendant's behalf was filed.

[12] Plaintiffs might make a related argument that the district court lacked jurisdiction to dismiss the case for failure to prosecute because such a dismissal is a ruling on the merits. See Fed. R. Civ. P. 41(b). However, the court finds this argument inapposite. Even if the district court's dismissal was vacated, the district court complaint would still be pending as of the date plaintiffs filed the CFC complaint.

of justice." Jamesbury Corp. v. Litton Indus. Prods., Inc., 839 F.2d 1544, 1551 (Fed. Cir. 1988) (quoting Corporacion de Mercadeo Agricola v. Mellon Bank Int'l, 608 F.2d 43, 48 (2d Cir. 1979)), overruled on other grounds by A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020 (Fed. Cir. 1992); cf. Suel v. Sec'y of HHS, 192 F.3d 981, 986 (Fed. Cir. 1999) ("[N]ew evidence relied upon to override law of the case must be substantial, even conclusive, before it is appropriate to reopen a judgment on which subsequent phases of the case have been decided.").

The only new evidence cited in defendant's motion is the deposition testimony of Janet Montgomery, the county assessor who, in 1997, inspected the Forsgrens' property and reduced the assessed value of the property according to her observations. In her deposition, Ms. Montgomery provided the details of her observations at the time of her inspection.[13] See Def.'s Ex. 12.

When ruling on the statute of limitations issue, the Chief Judge did not have the benefit of Ms. Montgomery's testimony. However, the Chief Judge found clearly that plaintiffs should not be charged with foreseeing the extent of their damages until the Forsgrens' property was no longer covered by ice or water. Forsgren, 64 Fed. Cl. at 459. Ms. Montgomery's testimony regarding her observations in 1997 does not affect the Chief Judge's finding because the ice and water had not yet disappeared from the Forsgrens' property at the time of Ms. Montgomery's inspection. Thus, as defendant does not cite any new evidence that could change the prior ruling in this case, this court would not be entitled to disturb the Chief Judge's ruling regarding the statute of limitations and the accrual date of plaintiffs' Fifth Amendment takings claim.

## IV. CONCLUSION

Plaintiffs had a complaint pending in the district court when they filed the CFC complaint. Accordingly, pursuant to 28 U.S.C. § 1500, this court lacks jurisdiction over plaintiffs' claims. Therefore, defendant's motion to dismiss is **GRANTED**. The Clerk is

---

[13] However, plaintiffs offer a competing view of Ms. Montgomery's testimony, which, along with other factual disputes, raise genuine issues of material fact for trial. Pls.' Opp'n to Def.'s Proposed Findings of Uncontroverted Facts 1-5.

directed to dismiss plaintiffs' complaint with prejudice. Plaintiffs' Motion for Leave to Supplement the Complaint is **DENIED AS MOOT**.[14] No costs.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

[14] Plaintiffs' motion, filed on September 1, 2006, states that "[t]he facts added in the Supplemented Complaint do not add any causes of action, do not affect the arguments that have already been raised in the briefing on the Motion to Dismiss, and do not require any further briefing on the Motion to Dismiss."