**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CLAYTA FORSGREN, RICHARD A. FORSGREN, RICHARD E. FORSGREN, TERRI LYNN HAGER, and BARBARA ANN THOMPSON: TRUSTEES OF THE RICHARD A. FORSGREN REVOCABLE LIVING FAMILY PRESERVATION TRUST, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 04-1223 L |
| UNITED STATES OF AMERICA, | ) | Judge Margaret M. Sweeney |
| Defendant. | ) | |

**MOTION FOR RECONSIDERATION**

COME NOW Plaintiffs and hereby make this Motion pursuant to the United States Court of Federal Claims, Rule 59. Plaintiffs request the Court to reconsider its Order dismissing the Complaint with prejudice. Plaintiffs request the Court modify its Order to dismiss the Complaint without prejudice. Plaintiffs have contacted Evan Pritchard, counsel for Defendant, regarding this Motion. Defendants oppose this Motion.

Rule 59(a) allows "reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." A motion to reconsider a judgment may be granted under the following circumstances: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) so that a party may present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or, (4) when there is an intervening change

in the controlling law." Florida Power and Light Co. v. United States, 66 Fed. Cl. 93 (2005); see also Henderson County Drainage District No. 3 v. United States, 55 Fed. Cl. 334 (2003) ("(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice."). Here, the Court has the authority to reconsider its judgment to correct an error of law and to prevent manifest injustice. First, Plaintiffs' Complaint was found to lack jurisdiction. Thus, as explained below, the Complaint should have been dismissed without prejudice. Second, the Claims Court has specifically ruled that dismissals under 28 U.S.C. § 1500 should be without prejudice, allowing the Plaintiffs' to correct this jurisdictional defect and pursue the merits of the same or a similar claim. Failure to allow Plaintiffs to do so results in manifest injustice. Thus, for these reasons, this Motion for Reconsideration should be granted.

Should reconsideration be granted, the Plaintiffs only request that their current Complaint be dismissed without prejudice. In this case, Defendants moved for dismissal pursuant to R.C.F.C. 12(b)(1). The Court erred in granting this Motion with prejudice. According to the courts, dismissal for lack of subject matter jurisdiction should be without prejudice, instead of with prejudice. See Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("in the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."); Wheeler v. United States, 11 F.3d 156, 160 (Fed. Cir. 1993) ("dismissals for lack of subject matter jurisdiction made pursuant to RCFC 12(b)(1) are without prejudice."); Adarbe v. United States, 58 Fed. Cl. 707, 714 fn. 7 (2003) ("If a case is dismissed for lack of subject matter jurisdiction it must be dismissed without prejudice and does not operate as a final disposition of the case for res judicata or other finality purposes."); Richmond,

Fredericksburg and Potomac Railroad Co. v. United States, 27 Fed. Cl. 275, 286 (1992); see also County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 -65 (8th Cir. 2004) ("district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent"); Albert v. Smith's Food & Drug Centers, Inc., 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice."); Vandor, Inc. v. Militello, 301 F.3d 37, 38 -39 (2d Cir. 2002) ("absent jurisdiction federal courts do not have the power to dismiss *with prejudice*").

In one similar case, the Claims Court, finding that it lacked jurisdiction under 28 U.S.C. § 1500, stated:

> This court, however, need not deny any hope for relief once and forever to plaintiff. Accordingly, plaintiff's complaint is dismissed, pursuant to 28 U.S.C. § 1500, but without prejudice and with the unfettered right to return the claim to the docket of the court *nunc pro tunc*, with no additional filing fee, should the district court determine that it is without jurisdiction over that claim.

Connecticut Dept. of Children and Youth Serv. v. United States, 16 Cl. Ct. 102, 106 (1989) (emphasis added); see also Richmond, Fredericksburg and Potomac Railroad Co. v. United States, 27 Fed. Cl. 275, 286 (1992) (dismissing without prejudice based on 28 U.S.C. § 1500).

This Court's dismissal is based purely on jurisdictional issues. Plaintiffs should not be precluded from filing the same or a similar claim when there has not yet been an adjudication on the merits.

For the above-stated reasons, Plaintiffs respectfully request this Court to reconsider its Order dismissing this case with prejudice and to modify that Order to dismiss Plaintiffs' case without prejudice.

RESPECTFULLY SUBMITTED this 12th day of October, 2006.

/s/ Karen Budd-Falen
Karen Budd-Falen
BUDD-FALEN LAW OFFICES, L.L.C.
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 - Telephone
(307) 637-3891 - Facsimile
*Attorney For Plaintiffs*

Erin Sass Eastman, of counsel
BUDD-FALEN LAW OFFICES, LLC
Post Office Box 346
Cheyenne, WY 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was electronically filed on this 12th day of October, 2006 with this Court and was deposited in the United States mail, postage prepaid, on this 12th day of October, 2006 to the following:

G. Evan Pritchard
Bruce Trauben
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, DC 20044

/s/ Nancy E. Carlisle
Nancy E. Carlisle