IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-1223 L |
| THE UNITED STATES OF AMERICA, | ) | Judge Margaret M. Sweeney |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

On September 27, 2006, the Court dismissed Plaintiffs' Complaint with prejudice for lack of jurisdiction by operation of 28 U.S.C § 1500 ("Order"). On October 12, 2006, Plaintiffs filed their Motion for Reconsideration ("Plaintiffs' Motion") of the Court's Order, arguing that dismissal should have been without prejudice so that they will not be precluded from re-filing in the Court of Federal Claims or from filing a similar claim in another court. Pls.' Mot. at 3. Defendant hereby responds to Plaintiffs' Motion pursuant to the Court's Scheduling Order of October 19, 2006. As explained below, the Court's dismissal *with* prejudice was appropriate because Plaintiffs' takings claims are also barred by 28 U.S.C. § 2501, the applicable six-year statute of limitations.

Plaintiffs correctly note that it is typically appropriate to dismiss a claim without prejudice if jurisdiction is precluded by § 1500. Pls.' Mot. at 3 (quoting Connecticut Dep't of Children and Youth Services v. United States, 16 Cl. Ct. 102, 106 (1989) and citing Richmond, Fredericksburg and Potomac R.R. Co. v. United States, 27 Fed. Cl. 275, 286 (1992)). However,

unlike Plaintiffs' claims in this case, the claims in the cases relied upon by Plaintiffs were not otherwise barred by the statute of limitations. Indeed, the Court of Federal Claims recognized in both Connecticut Dep't of Children and Richmond, Fredericksburg and Potomac R.R. Co. that a dismissal without prejudice pursuant to § 1500 will allow a plaintiff to re-file a new complaint only if § 1500 no longer precludes jurisdiction *and* the applicable statute of limitations has not expired.

In Connecticut Dep't of Children, the court dismissed the plaintiff's complaint without prejudice pursuant to § 1500. 16 Cl. Ct. at 106. Since the dismissal was without prejudice, the court explained that the plaintiff would have the right to return to the court and file a new claim if the action pending in district court was dismissed for lack of jurisdiction. Id. However, the court added that while it was "sensitive to the concern . . . that the statute of limitations will at some point in time preclude action here," it noted that "from the record before it that plaintiff has perhaps [five years] to reinstitute its complaint here and cannot believe that the federal district court will not have ruled on the issue of its jurisdiction within that period of time. . . ." Id.

In the second case relied upon by Plaintiffs, Richmond, Fredericksburg and Potomac R.R. Co., the court noted that if it were to dismiss the plaintiff's complaint pursuant to § 1500, "the dismissal would be without prejudice to plaintiff's immediately refiling a new complaint, since the statute of limitations would not have run on plaintiff's claim on the date of dismissal. . . ." 27 Fed. Cl. at 286. Thus, this case, like Connecticut Dep't of Children, makes the obvious point that a plaintiff whose complaint is dismissed pursuant to § 1500 is nevertheless barred from bringing a new claim if the statute of limitations has run. More recent opinions by the Court of Federal Claims are in agreement. See Vaizburd v. United States, 46 Fed. Cl. 309, 312

(2000) (dismissal pursuant to § 1500 "would appear not to preclude a subsequent refiling here of a new taking claim, *assuming the limitations period has not run*") (emphasis added); see also Whyte v. United States, 59 Fed. Cl. 493, 496 (2004) (stating that the "dismissal of an action pursuant to [§ 1500] does not present a bar to the subsequent filing of an action and resolution by this Court on the merits *if proper jurisdiction can be had at a later date*" and quoting the language above from Vaizburd) (emphasis added).

In this case, following briefing by the parties on Defendant's Motion to Dismiss for Lack of Jurisdiction filed October 25, 2004, Chief Judge Edward J. Damich held that Plaintiffs' claims accrued in 1999. Forsgren v. United States, 64 Fed. Cl. 456, 459 (2005). More recently, the Court reconsidered the accrual issue following briefing and oral argument on Defendant's Motion to Dismiss for Lack of Jurisdiction, or, in the Alternative, for Summary Judgment filed April 28, 2006. However, the Court declined to disturb Chief Judge Damich's previous holding. See Op. and Order Granting Mot. to Dismiss, Sept. 27, 2006, at 12-13.

Compliance with the statute of limitations is a jurisdictional prerequisite for filing suit and dismissal on that basis must be with prejudice. Coon v. United States, 30 Fed. Cl. 531, 534-35 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 1994) (table); accord Myers v. United States, 50 Fed. Cl. 674, 683 (2001) (dismissing complaint with prejudice for failure to comply with the statute of limitations and noting that such waivers of sovereign immunity must be strictly construed). As Plaintiffs claims accrued more than six years ago, they are now precluded by the statute of limitations from filing any new action based on these claims. In light of this fact, the Court properly dismissed Plaintiffs' Complaint with prejudice. Plaintiffs' Motion for Reconsideration must therefore be denied.

DATED: November 2, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

/s

G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov

OF COUNSEL:

Steven M. Hoffman
Attorney
Office of the Solicitor
Rocky Mountain Regional Office
United States Dept. of Interior
755 Parfet Street, Room 151
Lakewood, CO 80215
(303) 231-5363 fax

Diane M. Connolly
Deputy Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
Mountain Region
P.O. Box 25005
Lakewood, CO 80225
(303) 275-5557 fax

357247.1