# In the United States Court of Federal Claims

No. 04-1223 L
(Filed: November 15, 2006)

| | | |
|---|---|---|
| CLAYTA FORSGREN, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | * | Motion for Reconsideration, RCFC 59; 28 U.S.C. § 1500; Subject Matter Jurisdiction; Dismissal Without Prejudice; Statute of Limitations |

Karen Budd-Falen, Cheyenne, Wyoming, for plaintiffs.

G. Evan Pritchard, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER ON RECONSIDERATION

**SWEENEY**, Judge

On September 27, 2006, the court issued an Opinion and Order in the above-captioned case that granted defendant's motion to dismiss for lack of jurisdiction and dismissed plaintiffs' claims with prejudice. Plaintiffs timely filed a Motion for Reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that the court should have dismissed its complaint without prejudice. In Defendant's Brief in Opposition to Plaintiffs' Motion for Reconsideration, filed on November 2, 2006, defendant contends that the court properly dismissed plaintiffs' complaint with prejudice. The court provided plaintiffs with an opportunity to file a reply by November 9, 2006, but none was received. After due consideration of the parties' submissions, the court finds that plaintiffs' complaint should be dismissed without prejudice.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

In January 1966, Clayta and Richard Forsgren ("Mr. and Mrs. Forsgren" or "the Forsgrens") purchased property that was located approximately 1,000 feet from abandoned ponds

---

[1] A complete recitation of the facts can be found in the court's Opinion and Order, filed on September 27, 2006. See Forsgren v. United States, No. 04-1223L, 2006 WL 2821529, at *1-3 (Fed. Cl. Sept. 27, 2006).

located on land managed by the Bureau of Land Management near Pinedale, Wyoming.[2] Compl. ¶¶ 14, 16. The Forsgrens built a house on the property in 1971. Id. ¶ 20. Mr. and Mrs. Forsgren transferred the property in 1991 to the Forsgren Family Trust. Id. ¶ 16. In 1993, various local, state, and federal government entities began to discuss the feasibility of recharging the ponds. Id. ¶ 25. The responsible governmental entities ultimately decided to reconstruct and recharge the ponds, and eventually completed the work in the spring of 1995. Id. ¶ 33. Then, that autumn, Mr. Forsgren reported water problems on his property. Id. ¶ 34. A geologist visited the property and suggested that the ponds could be the source of the problem. Id. ¶ 35. However, despite the construction of a surface ditch and, later, a subsurface drain, the Forsgrens continued to experience flooding and ice accumulation on their property. Id. ¶¶ 41-57. The flooding and ice accumulation caused significant damage to the Forsgrens' house. Id. ¶¶ 45, 50, 54-55, 57. The subsurface drain was constructed in 1999. Id. ¶ 58. Thereafter, the drain appeared to be working properly, and the Forsgrens' property began to dry out. Id. ¶¶ 58, 62. The property did not dry out completely until 2003. Id. ¶ 62.

On July 28, 2003, Mrs. Forsgren and the Forsgren Family Trust filed a complaint in the United States District Court for the District of Wyoming ("district court"), alleging that the reconstitution of the ponds caused "significant deterioration and damages" to the Forsgrens' property. Def.'s Ex. 21 at 1, 3-4. The named defendants in the district court action included components of the United States Department of the Interior and the United States Department of Agriculture. Id. at 1. The complaint asserted four claims for relief–trespass, deprivation of property without due process pursuant to 42 U.S.C. § 1983, fraud and misrepresentation, and punitive damages–and sought "damages as allowed by law" and "other relief that is just and proper." Id. at 4-9. No showing has been made that the complaint was or was not served on defendants or that defendants waived service of a summons and the complaint. However, the district court's electronic docket indicates that the clerk did not issue a summons. Pls.' Ex. 33 at 2. At the time the district court complaint was filed, attorney Peter Young represented Mrs. Forsgren and the Forsgren Family Trust.[3] Def.'s Ex. 21 at 1, 9.

---

[2] For the purposes of deciding the instant motion, the facts in this section are derived from plaintiffs' complaint ("Compl.") and the exhibits attached to defendant's motion ("Def.'s Ex.") and plaintiffs' opposition ("Pls.' Ex.").

[3] Plaintiffs' opposition includes the following unsupported contention:

> Plaintiffs became aware that Mr. Young was not pursuing the case and was, in fact, misleading Plaintiffs about the status of the case. After finding out the true status of their case, Plaintiffs contacted current counsel at Budd-Falen Law Offices and additionally contacted Mr. Young to request that he dismiss his complaint.

Pls.' Opp'n 8.

The district court's docket reflects that, subsequent to the filing of the complaint, none of the parties to the case took any further action. Pls.' Ex. 33 at 2. Eventually, on February 18, 2004, the district court issued a Notice of Impending Dismissal pursuant to Local Rule 41.1(b), indicating that the case would be dismissed as a result of inaction over a three-month period. Id.; Pls.' Ex. 26.

On July 27, 2004, plaintiffs filed a complaint in the United States Court of Federal Claims ("the CFC complaint"), alleging that the reconstruction of the ponds near their property by the United States caused a temporary taking via a water flowage easement. Compl. ¶ 1. The CFC complaint contained one claim for relief–a Fifth Amendment taking. Id. ¶¶ 65-86. The CFC complaint also contained a prayer for relief requesting a declaratory judgment, monetary damages, injunctive relief, costs, and "such other and further relief as the Court deems just and proper." Id. at 19-20. Attorney Karen Budd-Falen prepared and filed the CFC complaint. Id. at 20.

On August 16, 2004, the district court issued an order dismissing the case of Mrs. Forsgren and the Forsgren Family Trust with prejudice for failure to prosecute. Pls.' Ex. 33 at 2; Def.'s Ex. 22.

On March 21, 2005, Chief Judge Edward J. Damich denied defendant's initial motion to dismiss for lack of jurisdiction. Forsgren v. United States, 64 Fed. Cl. 456 (2005). The Chief Judge found that plaintiffs' takings claim accrued in 1999, when plaintiffs could have "reasonably foreseen the extent of the damage to their property" and arrived at a "final account." Id. at 459 (quotation & citations omitted). The Chief Judge's ruling was based solely on the statute of limitations as defendant's motion did not raise 28 U.S.C. § 1500 (2000) as a basis for dismissal.

Subsequent to the Chief Judge's ruling, the parties engaged in discovery, which revealed the previous district court action. The undersigned ruled on defendant's renewed motion to dismiss on September 27, 2006. Forsgren, 2006 WL 2821529. The court held that it lacked jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1500 and dismissed plaintiffs' complaint with prejudice. Id. at *10.

## II. DISCUSSION

Plaintiffs' Motion for Reconsideration requests that the court "modify its Order to dismiss the Complaint without prejudice." Mot. at 1-2. RCFC 59(a)(1) provides, in relevant part:

> A . . . reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States. On a motion under this rule, the court may open the judgment if one has been entered,

> take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

The court may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly-discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice. See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc., 447 F.3d 1370, 1377 (Fed. Cir. 2006) (citing, with approval, the reasons other courts will grant a motion for reconsideration); Fla. Power & Light Co. v. United States, 66 Fed. Cl. 93, 96 (2005). "The decision whether to grant reconsideration lies largely within the discretion of the district court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

As a general matter, if a court lacks subject matter jurisdiction over a claim, it should dismiss that claim without prejudice. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Pursuant to 28 U.S.C. § 1500, the United States Court of Federal Claims ("Court of Federal Claims") lacks subject matter jurisdiction over claims that are already pending in another court. Thus, generally speaking, dismissals pursuant to 28 U.S.C. § 1500 should be without prejudice. However, the court should not ignore common sense. A court may dismiss a complaint with prejudice if the running of the statute of limitations would bar a plaintiff from establishing jurisdiction after a dismissal pursuant to 28 U.S.C. § 1500. See Whyte v. Untied States, 59 Fed. Cl. 493, 496 (2004) ("[D]ismissal of an action pursuant to [28 U.S.C. § 1500] does not present a bar to the subsequent filing of an action and resolution by this Court on the merits if proper jurisdiction can be had at a later date." (emphasis added)); Vaizburd v. United States, 46 Fed. Cl. 309, 312 (2000) ("[T]he dismissal [pursuant to 28 U.S.C. § 1500] is for want of jurisdiction–a ground which would appear not to preclude a subsequent refiling here of a new . . . claim, assuming the limitations period has not run." (emphasis added)); Richmond, Fredericksburg & Potomic R.R. Co. v. United States, 27 Fed. Cl. 275, 286 (1992) ("[W]ere the court to dismiss the amended complaint on jurisdictional grounds, the dismissal would be without prejudice to plaintiff's immediately refiling a new complaint, since the statute of limitations would not have run on plaintiff's claim on the date of dismissal." (emphasis added)).

Although the court did not make an explicit finding to this effect, it dismissed plaintiffs' claims with prejudice because it was apparent that the Tucker Act's six-year limitations period would have prevented plaintiffs from refiling their complaint in the Court of Federal Claims. As noted above, the Chief Judge found that plaintiffs' claims accrued in 1999. Thus, the statute of limitations would have expired no later than December 31, 2005.

However, it was not the intent of the court to preclude plaintiffs from pursuing a remedy, if one is indeed available. Upon considering plaintiffs' motion, the court can envision a scenario in which plaintiffs seek reinstatement of their district court complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and subsequently seek transfer of the complaint to the Court

of Federal Claims. Thus, because plaintiffs may attempt to resuscitate their district court action, the court finds that plaintiffs' complaint should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, the court **GRANTS** plaintiffs' Motion for Reconsideration pursuant to RCFC 59(a), **REOPENS** the judgment entered on September 29, 2006, and **DIRECTS** the clerk to enter a new judgment, consistent with this opinion, dismissing plaintiffs' complaint without prejudice.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge